**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SOLID 21, INC.,

                        Plaintiff,                    Civil Action No.: 19 Civ. 1262 (LGS)

    -against-

RICHEMONT NORTH AMERICA, INC.,              **JURY TRIAL DEMANDED**
RICHEMONT INTERNATIONAL S.A., and
MONTBLANC-SIMPLO GMBH,

                        Defendants.

**ANSWER TO THIRD AMENDED COMPLAINT,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANTS**

Defendants Richemont North America, Inc. ("Richemont NA"), Richemont International

S.A. ("Richemont International"), and Montblanc-Simplo GmbH ("Montblanc-Simplo," and

collectively, "Defendants"), by and through their undersigned counsel, hereby answer the Third

Amended Complaint (ECF No. 67, the "TAC") of Plaintiff Solid 21, Inc. ("Solid 21" or

"Plaintiff") as follows:

1.      Defendants deny the allegations in Paragraph 1 of the TAC except admit that the

TAC purports to set forth the claims summarized in that paragraph.

2.      Paragraph 2 of the TAC sets forth conclusions of law to which no response is

required. To the extent a response is deemed to be required, said allegations are denied.

3.      Paragraph 3 of the TAC sets forth conclusions of law to which no response is

required. To the extent a response is deemed to be required, said allegations are denied except

that Defendants aver that the records of the USPTO regarding the referenced registration speak

for themselves.

{F3593609.1 }

4.      Defendants deny the allegations in Paragraph 4 of the TAC except admit that the TAC purports to set forth the claims summarized in that paragraph.

## RESPONSE TO PARTIES

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the TAC, and therefore deny the same.

6.      Defendants admit the allegations in Paragraph 6 of the TAC, except denies that RNA is a direct subsidiary of Compagnie Financiere Richemont, S.A.

7.      Defendants admit the allegations in Paragraph 7 of the TAC.

8.      Defendants admit the allegations in Paragraph 8 of the TAC.

9.      Defendant Officine Panerai A.G. was dismissed from this case pursuant to the Court's Opinion and Order, dated June 8, 2020 (ECF No. 91, the "Opinion and Order"). Therefore, no response to the allegations in this paragraph is necessary.

10.     Defendants deny the allegations in Paragraph 10 of the TAC, except admit that they are all part of the Richemont group of companies.

## RESPONSE TO JURISDICTION AND VENUE

11.     Defendants admit the allegations regarding subject matter jurisdiction in Paragraph 11 of the TAC but deny that Plaintiff's claims have any validity.

12.     Defendants admit the allegations regarding supplemental jurisdiction in Paragraph 12 of the TAC but deny that Plaintiff's claims have any validity.

13.     Defendants admit that the Court has personal jurisdiction over them for purposes of this case but deny the remaining allegations in Paragraph 13 of the TAC.

14.     Defendants admit that venue is proper in this District for purposes of this case but deny the remaining allegations in Paragraph 14 of the TAC.

{F3593609.1 }

## <u>RESPONSE TO SOLID 21 AND ITS INCONTESTABLE RED GOLD® MARK</u>

15.      Defendants deny that Plaintiff owns valid trademark rights in the words "red gold" and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the TAC, and therefore deny the same.

16.      Defendants deny that Plaintiff owns valid trademark rights in the words "red gold," deny that "red gold" is famous, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the TAC, and therefore deny the same.

17.      Defendants deny that Plaintiff owns valid trademark rights in the words "red gold." The remaining allegations of Paragraph 17 of the TAC set forth conclusions of law to which no response is required. To the extent a response is deemed to be required, Defendants den the remaining allegations in Paragraph 17 of the TAC.

18.      Defendants deny that Plaintiff owns valid trademark rights in the words "red gold." The remaining allegations of Paragraph 18 of the TAC set forth conclusions of law to which no response is required. To the extent a response is deemed to be required, Defendants deny the remaining allegations in Paragraph 18 of the TAC.

19.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the TAC, and therefore deny the same.

20.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the TAC, and therefore deny the same.

21.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the TAC, and therefore deny the same.

22.      Defendants deny that Plaintiff owns valid trademark rights in the words "red gold" and that "red gold" is famous, distinctive, and associated with Plaintiff's goods.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the TAC, and therefore deny the same.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the TAC, and therefore deny the same.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the TAC, and therefore deny the same.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the TAC, and therefore deny the same.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the TAC, and therefore deny the same.

**RESPONSE TO PRIOR ACTIONS INVOLVING RED GOLD®**

27.     Defendants deny the allegations in Paragraph 27 that Plaintiff has exclusive rights in the RED GOLD mark and that defendants' conduct in that action constituted infringement, but admit the remaining allegations in Paragraph 27 of the TAC.

28.     Defendants admit the allegations in Paragraph 28 of the TAC.

29.     Defendants deny that Paragraph 29 of the TAC contains a complete and accurate description of the contents of the June 2014 tolling agreement and refer the Court to that agreement for its contents, but admit the remaining allegations in Paragraph 29 of the TAC.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the TAC, and therefore deny the same.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the TAC, and therefore deny the same.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the TAC, and therefore deny the same.

## RESPONSE TO DEFENDANTS' ACTIVITY GIVING RISE TO THE CLAIMS

33.     Defendants deny the allegations contained in paragraph 33, but admit that Richemont NA is the exclusive distributor of BAUME & MERCIER, MONTBLANC and IWC brand watches in the United States. Defendants further admit that Richemont International designs and manufactures BAUME & MERCIER and IWC brand watches. Defendants further admit that defendant Montblanc Simplo GMBH designs and manufactures MONTBLANC brand watches.  Defendants deny that any response is required regarding the PANERAI brand since it has been dismissed from the case.

34.     Defendants deny the allegations in Paragraph 34 of the TAC.

35.     Defendants deny the allegations in paragraph 35 of the TAC, except admit that at various times Richemont International and Richemont NA have advertised, promoted and sold the watch shown in Exhibit 12 of the TAC.

36.     Defendants deny the allegations in paragraph 36 of the TAC, except admit that at various times Richemont International and Richemont NA have advertised, promoted and sold the watches shown in Exhibit 13.

37.      Defendants deny the allegations in paragraph 37 of the TAC, except admit that at various times Richemont International and Richemont NA have advertised, promoted and sold the watch shown in Exhibit 14 of the TAC.

38.      Defendants deny the allegations in paragraph 38 of the TAC, except admit that at various times Richemont NA and Montblanc-Simplo have advertised, promoted and sold the watch shown in Exhibit 15 of the TAC.

39.     Defendants deny the allegations in paragraph 39 of the TAC, except admit that at various times Richemont NA and Montblanc-Simplo have advertised, promoted and sold the watch shown in Exhibit 16 of the TAC.

40.     Defendants aver that no answer to these allegations is required, as, puursuant to the Court's Opinion and Order, "claims may not be pursued with regard to the IWC advertisement shown in Exhibit 17." (Opinion and Order at 18.)

41.     Defendants deny the allegation that the products described in Paragraphs 35-40 constitute "infringing uses" and deny the remaining allegations in Paragraph 41 of the TAC.

42.     Defendants deny the allegations in Paragraph 42 of the TAC.

43.     Paragraph 43 of the TAC sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, Defendants deny the allegations in Paragraph 43 of the TAC.

44.     Defendants deny the allegations in Paragraph 44 of the TAC.

45.     The second sentence of Paragraph 45 of the TAC sets forth conclusions of law to which no response is required. To the extent a response is deemed to be required, Defendants deny the allegations in that sentence. Defendants deny the remaining allegations in Paragraph 45 of the TAC.

46.     Defendants deny the allegations in Paragraph 46 of the TAC.

47.     Defendants deny the allegations contained in paragraph 47 of the TAC, except deny knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff's use and sales contained in Paragraph 47 of the TAC, and admit that Defendants' products may be purchased online through their web stores and through authorized physical retailers and boutiques.

48.     Defendants deny the allegations in Paragraph 48 of the TAC.

49.     Defendants deny the allegations in Paragraph 49 of the TAC.

50.     Defendants deny the allegations in Paragraph 50 of the TAC.

51.     Defendants deny the allegations in Paragraph 51 of the TAC.

52.     Defendants deny the allegations that the product described in Paragraph 52 "prominently bear[s] Solid 21's RED GOLD® mark" and is an "infringing watch," and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 of the TAC.

53.     Defendants deny the allegations that the product described in Paragraph 53 "prominently bear[s] Solid 21's RED GOLD® mark" and is an "infringing watch," and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 of the TAC.

54.      Defendants deny the allegations that the product described in Paragraph 54 "prominently bear[s] Solid 21's RED GOLD® mark" and is an "infringing watch," and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 of the TAC.

55.     Defendants deny the allegations that the product described in Paragraph 55 "prominently bear[s] Solid 21's RED GOLD® mark" and is an "infringing watch," and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 of the TAC.

56.     Defendants deny the allegations that the product described in Paragraph 56 "prominently bear[s] Solid 21's RED GOLD® mark" and is an "infringing watch," further deny that this watch is at issue in the case since Panerai has been dismissed, and deny knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 of the TAC.

57.     Defendants deny the allegation that the products described in Paragraphs 52-56 constitute "infringing uses" and deny the remaining allegations in Paragraph 57 of the TAC.

58.     Defendants admit that they had knowledge of Plaintiff's trademark registration for the RED GOLD mark by January 14, 2011, and that Defendants are manufacturers, distributors, and makers of, among other things, luxury watches, but deny the remaining allegations in Paragraph 58 of the TAC.

59.     Defendants deny the allegations contained in Paragraph 59 of the TAC.

60.     Defendants admit that they are manufactures, distributors, and makers of, among other things, luxury watches, but deny the remaining allegations in Paragraph 60 of the TAC.

61.     Defendants deny the allegations in Paragraph 61 of the TAC.

62.     Defendants deny the allegations in Paragraph 62 of the TAC.

## RESPONSE TO FIRST CAUSE OF ACTION

## TRADEMARK INFRINGEMENT UNDER LANHAM ACT, 15 U.S.C. § 1114

63.     Defendants repeat and re-allege the above responses to Paragraphs 1 through 62 of the TAC.

64.     Defendants deny the allegations in Paragraph 64 of the TAC.

65.     Defendants deny the allegations in Paragraph 65 of the TAC.

66.     Defendants deny the allegations in Paragraph 66 of the TAC.

67.     Defendants deny the allegations in Paragraph 67 of the TAC.

68.     Defendants deny the allegations in Paragraph 68 of the TAC.

## RESPONSE TO SECOND CAUSE OF ACTION

## TRADEMARK INFRINGEMENT UNDER LANHAM ACT, 15 U.S.C. § 1125(c)

69.     Defendants repeat and re-allege the above responses to Paragraphs 1 through 68 of the TAC.

70.     Defendants deny the allegations in Paragraph 70 of the TAC.

71.     Defendants deny the allegations in Paragraph 71 of the TAC.

72.     Defendants deny the allegations in Paragraph 72 of the TAC.

73.     Defendants deny the allegations in Paragraph 73 of the TAC.

## RESPONSE TO THIRD CAUSE OF ACTION

## CONTRIBUTORY TRADEMARK INFRINGEMENT

74.     Defendants repeat and re-allege the above responses to Paragraphs 1 through 73 of the TAC. Pursuant to the Court's Opinion and Order, "the Third Cause of Action (Contributory Trademark infringement) may proceed against Defendants Richemont International and Richemont NA only, with regard to Abt's offer of sale shown in Exhibit 19." (Opinion and Order at 18.)

75.     Richemont International and Richemont NA deny the allegations in Paragraph 75 of the TAC.

76.     Richemont International and Richemont NA deny the allegations in Paragraph 76 of the TAC.

77.     Richemont International and Richemont NA deny the allegations in Paragraph 77 of the TAC.

78.     Richemont International and Richemont NA deny the allegations in Paragraph 78 of the TAC.

{F3593609.1 }

79.    Richemont International and Richemont NA deny the allegations in Paragraph 79 of the TAC.

80.    Richemont International and Richemont NA deny the allegations in Paragraph 80 of the TAC.

## RESPONSE TO FOURTH CAUSE OF ACTION

## UNFAIR COMPETITION UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)

81.    Defendants repeat and re-allege the above responses to Paragraphs 1 through 80 of the TAC.

82.    Defendants deny the allegations in Paragraph 82 of the TAC.

83.    Defendants deny the allegations in Paragraph 83 of the TAC.

84.    Defendants deny the allegations in Paragraph 84 of the TAC.

85.    Defendants deny the allegations in Paragraph 85 of the TAC.

86.    Defendants deny the allegations in Paragraph 86 of the TAC.

87.    Defendants deny the allegations in Paragraph 87 of the TAC.

## RESPONSE TO FIFTH CAUSE OF ACTION

## TRADEMARK DILUTION UNDER THE LANHAM ACT, 15 U.S.C. § 1125(c)

88.    Defendants repeat and re-allege the above responses to Paragraphs 1 through 87 of the TAC.

89.    Defendants deny the allegations in Paragraph 89 of the TAC.

90.    Defendants deny the allegations in Paragraph 90 of the TAC.

91.    Defendants deny the allegations in Paragraph 91 of the TAC.

92.    Defendants deny the allegations in Paragraph 92 of the TAC.

93.    Defendants deny the allegations in Paragraph 93 of the TAC.

## RESPONSE TO SIXTH CAUSE OF ACTION

### FALSE DESCRIPTION UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)

94.     Defendants repeat and re-allege the above responses to Paragraphs 1 through 93 of the TAC.

95.     Defendants deny the allegations in Paragraph 95 of the TAC.

96.     Defendants deny the allegations in Paragraph 96 of the TAC.

97.     Defendants deny the allegations in Paragraph 97 of the TAC.

98.     Defendants deny the allegations in Paragraph 98 of the TAC.

99.     Defendants deny the allegations in Paragraph 99 of the TAC.

## RESPONSE TO SEVENTH CAUSE OF ACTION

### COMMON LAW TRADEMARK INFRINGEMENT

100.    Defendants repeat and re-allege the above responses to Paragraphs 1 through 99 of the TAC.

101.    Defendants deny the allegations in Paragraph 101 of the TAC.

102.    Defendants deny the allegations in Paragraph 102 of the TAC.

103.    Defendants deny the allegations in Paragraph 103 of the TAC.

## RESPONSE TO EIGHTH CAUSE OF ACTION

### INJURY TO BUSINESS REPUTATION AND TRADEMARK DILUTION UNDER NEW YORK LAW, N.Y. G.B.L. § 360-L

104.    Defendants repeat and re-allege the above responses to Paragraphs 1 through 103 of the TAC.

105.    Defendants deny the allegations in Paragraph 105 of the TAC.

106.    Defendants deny the allegations in Paragraph 106 of the TAC.

107.    Defendants deny the allegations in Paragraph 107 of the TAC.

{F3593609.1 }

108.    Defendants deny the allegations in Paragraph 108 of the TAC.

## RESPONSE TO NINTH CAUSE OF ACTION

## DECEPTIVE ACTS AND PRACTICES UNDER NEW YORK LAW, N.Y. G.B.L. § 349

109.    Defendants repeat and re-allege the above responses to Paragraphs 1 through 108 of the TAC.

110.    Paragraph 110 of the TAC sets forth allegations in support of Plaintiff's Ninth Cause of Action, which was dismissed by the Court pursuant to the Opinion and Order. To the extent a response is deemed to be required, Defendants deny the allegations in Paragraph 110 of the TAC.

111.    Paragraph 111 of the TAC sets forth allegations in support of Plaintiff's Ninth Cause of Action, which was dismissed by the Court pursuant to the Opinion and Order. To the extent a response is deemed to be required, Defendants deny the allegations in Paragraph 111 of the TAC.

112.    Paragraph 112 of the TAC sets forth allegations in support of Plaintiff's Ninth Cause of Action, which was dismissed by the Court pursuant to the Opinion and Order. To the extent a response is deemed to be required, Defendants deny the allegations in Paragraph 112 of the TAC.

## AFFIRMATIVE DEFENSES

113.    Defendants plead the following defenses in response to Plaintiff's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, Defendants specifically reserve all rights to allege additional defenses.

**First Affirmative Defense**
**(Trademark Invalidity – Genericness)**

114.     Under Section 45 of the Lanham Act, 15 U.S.C. § 1127, a generic term may not be registered as a trademark.

115.     The words "red gold" are commonly used in the jewelry industry to refer to gold that is of a reddish or pink hue.

116.     Plaintiff uses the term "red gold" to describe a species of gold that has a reddish tint, usually resulting from a higher concentration of copper than is found, for example, in "yellow gold" or "white gold."

117.     Third parties commonly use the phrase "red gold" to describe and refer to a species of gold that has a reddish tint, usually resulting from a higher concentration of copper than is found, for example, in "yellow gold" or "white gold."

118.     The Oxford English dictionary defines "red gold" as "an alloy of gold and copper."

119.     The term, "red gold," is not understood by the public as identifying Plaintiff as the source or origin of the products in connection with which Plaintiff uses such term.

120.     The term, "red gold," has not been exclusively used by Plaintiff subsequent to the registration of the RED GOLD mark. Third parties also use it and always have used it to refer to gold of a red or reddish color.

121.     The term, "red gold," is not a valid trademark and is not protectable.

122.     Upon information and belief, Plaintiff failed to enforce its purported rights in the RED GOLD mark for several years while various third parties used the term to describe their goods, thereby causing the term "red gold" to cease to function as an identifier of source even if it had ever so functioned.

123.    Plaintiff's claims are barred because Plaintiff's purported RED GOLD mark is generic and therefore invalid and unenforceable.

## Second Affirmative Defense
### (Trademark Invalidity – No Secondary Meaning)

124.    To the extent Plaintiff relies on purported common law rights in support of the Second though Eighth Causes of Action of the TAC, such causes of action are barred because Plaintiff's purported RED GOLD mark is descriptive without secondary meaning and therefore invalid and unenforceable.

## Third Affirmative Defense
### (Fair Use)

125.    Defendants are without sufficient knowledge from the TAC to identify their purported uses of RED GOLD other than those specifically identified in the TAC.  To the extent, however, that Defendants made any such uses (including the uses specifically identified in the TAC), their uses of the term "red gold" were fair uses because such terms were used fairly and in good faith, not as a mark, but only to describe their products. The TAC and each cause of action therein are barred because Defendants' use, if any, constitutes fair use under 15 U.S.C. §§ 1115(b)(4) and 1125(c)(3)(A).

## Fourth Affirmative Defense
### (Statute of Limitations)

126.    Plaintiff's claims and/or demands for monetary damages are barred by the applicable statutes of limitations.

**Fifth Affirmative Defense**
**(Laches)**

127.    Plaintiff unreasonably delayed bringing its claims, causing prejudice to

Defendants.  Accordingly, Plaintiff's claims are barred by laches.

**Sixth Affirmative Defense**
**(Estoppel/Waiver/Acquiescence)**

128.    Plaintiff's claims are barred by the doctrines of waiver, estoppel, and

acquiescence.

**Seventh Affirmative Defense**
**(Unclean Hands)**

129.    The TAC and each cause of action therein are barred by Plaintiff's own improper

conduct and unclean hands.

**FIRST COUNTERCLAIM**

**DECLARATORY JUDGMENT OF INVALIDITY FOR PLAINTIFF'S**
**U.S. TRADEMARK REGISTRATION NO. 2,793,987**

130.    Defendants incorporate by reference Paragraphs 1 through 131 above, as though

fully set forth herein.

131.    Under Section 45 of the Lanham Act, 15 U.S.C. § 1127, a generic term may not

be registered as a trademark.

132.    The words "red gold" are commonly used in the jewelry industry to refer to gold

that is of a reddish or pink hue.

133.    Plaintiff uses the term "red gold" to describe a species of gold that has a reddish

tint, usually resulting from a higher concentration of copper than is found, for example, in

"yellow gold" or "white gold."

{F3593609.1 }

134. Third parties commonly use the phrase "red gold" to describe and refer to a species of gold that has a reddish tint, usually resulting from a higher concentration of copper than is found, for example, in "yellow gold" or "white gold."

135. The Oxford English dictionary defines "red gold" as "an alloy of gold and copper."

136. The term, "red gold," is not understood by the public as identifying Plaintiff as the source or origin of the products in connection with which Plaintiff uses such term.

137. The term, "red gold," has not been exclusively used by Plaintiff subsequent to the registration of the RED GOLD mark. Third parties also use it and always have used it to refer to gold of a reddish color.

138. The term, "red gold," is not a valid trademark and is not protectable.

139. Upon information and belief, Plaintiff failed to enforce its purported rights in the RED GOLD mark for several years while various third parties used the term to describe their goods, thereby causing the term "red gold" to cease to function as an identifier of source.

140. Plaintiff's claims are barred because Plaintiff's purported RED GOLD mark is generic and therefore invalid and unenforceable.

## SECOND COUNTERCLAIM

### CANCELLATION OF PLAINTIFF'S U.S. TRADEMARK REGISTRATION NO. 2,793,987 UNDER 15 U.S.C. §§ 1064(c) and 1119

141. Defendants incorporates by reference Paragraphs 1 through 140 above, as though fully set forth herein.

142. Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, this Court may, *inter alia*, "order the cancelation of registrations."

143.    Because a generic term may not be registered as a trademark, Plaintiff's U.S. Trademark Registration No. 2,793,987 for the purported mark, RED GOLD, should be canceled.

**WHEREFORE**, Defendants respectfully request that this Court:

A.    Enter judgment in favor of Defendants and against Plaintiff as to all counts of Plaintiff's TAC;

B.    Enter judgment in favor of Defendants and against Plaintiff as to all counts of Defendants' Counterclaims;

C.    Declare that Plaintiff's U.S. Trademark Registration No. 2,793,987 is not a valid trademark;

D.    Order cancellation of Plaintiff's U.S. Trademark Registration No. 2,793,987;

E.    Award Defendants their attorneys' fees and costs under 15 U.S.C. § 1117; and

F.    Grant such other and further relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Defendants/Counterclaim-Plaintiffs hereby demand trial by jury in this action.

Dated: New York, New York          FROSS ZELNICK LEHRMAN & ZISSU, P.C.
       July 13, 2020


                                  By: /s/ John P. Margiotta
                                      John P. Margiotta
                                      David Donahue
                                      Daniel M. Nuzzaci
                                  151 West 42nd Street, 17th Floor
                                  New York, New York 10036
                                  Phone: (212) 813-5900
                                  Email: ddonahue@fzlz.com
                                         ddonahue@fzlz.com
                                         dnuzzaci@fzlz.com

{F3593609.1 }

*Attorneys for Defendants Richemont North America, Inc., Richemont International S.A., and Montblanc-Simplo GmbH*