UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

SOLID 21, INC.,

                Plaintiff,

   v.

RICHEMONT NORTH AMERICA, INC.;
RICHEMONT INTERNATIONAL S.A.;
MONTBLANC-SIMPLO GMBH; and OFFICINE
PANERAI A.G.,

                Defendants.
------------------------------------X

Civil Action No. 1:19-cv-01262-LGS

**AMENDED**

**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

LORNA G. SCHOFIELD, United States District Judge:

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent _____ / do not consent __X__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2. The parties [have __X__ / have not ] conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

    a. An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
[Yes _____ / No __X__ ]

    b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
[Yes _____ / No __X__ ]

    c. A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
[Yes _____ / No __X__ ]

      d.      A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
[Yes_____ / No___X___]

4. Alternative Dispute Resolution/Settlement

    a.    Settlement discussions [have__X__ / have not_____] taken place.

    b.    Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

        N/A

    c.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

        The parties are in active settlement negotiation discussions and will continue these efforts throughout the course of this litigation. Plaintiff is amenable to any avenue of mediation, and Defendants prefer a settlement conference before a Magistrate Judge.

        Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

        Plaintiff believes mediation would be appropriate at the close of fact discovery. Defendants are open to an earlier mediation given the parties' historical familiarity.

    d.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

5. No additional parties may be joined after 30 days without leave of Court.

6. Amended pleadings may be filed without leave of Court until 30 days from the date of this order.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 14 days from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8. Fact Discovery

   a. All fact discovery shall be completed no later than ~~February 5, 2021~~ January 18, 2021 *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

   b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by __August 28, 2020__.

   c. Responsive documents shall be produced by October 28, 2020.
      Do the parties anticipate e-discovery?  [Yes __X__ / No _____]

   d. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by __September 30, 2020__.

   e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by __April 6, 2021__.

   f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by ~~January 15, 2021~~ January 15, 2021.

   g. Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

9. Expert Discovery [if applicable]

   a. Anticipated types of experts if any:

      (1) Trademark and Lanham Act expert; (2) damages expert; (3) linguistic experts; (4) experts regarding the historical and current genericness of RED GOLD; and (5) survey experts regarding genericness of RED GOLD and/or lack of confusion.

   b. If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than ~~May 6, 2021~~ March 4, 2021. *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* <u>Omit</u> if you have not identified types of experts.

   c. If you have identified types of experts in question 9(a), by January 6, 2021 *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof

3

      shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10. This case [is __X__ / is not _____] to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is 5-7 days.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

The parties are aware that they have diverged from the Court's preferred timeline for discovery and requested additional time for fact and expert discovery. Defendants in this matter are largely located in Europe, and under ordinary circumstances depositions and travel would, we believe, justify an extended schedule. With COVID-19 making travel extraordinarily difficult, we believe that additional time is necessary. In addition, Defendants are familiar with the fact that Plaintiff relies on many witnesses located throughout the country to try to prove secondary meaning/non-genericness of "red gold," and the travel and time required to take upwards of ten depositions requires additional time in our view.

With regard to expert discovery, parties are requesting an additional 45 days as we anticipate several experts, including damages, linguistics, jewelry industry experts, and one or more survey experts.

13. Status Letters and Conferences

    a. By ~~November 1, 2020~~ October 5, 2020 and December 4, 2020, *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

    b. By ~~February 19, 2021~~ February 1, 2021 *[14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

    c. On ~~May 20, 2021~~ March 18, 2021 at ~~10:30~~ 10:50 A.M. *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

        i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter at least two weeks before the conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference.

      ii. If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar. The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f)) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: August 3, 2020

New York, New York

                                                            LORNA G. SCHOFIELD
                                                         UNITED STATES DISTRICT JUDGE

Counsel for the Parties:

| | |
|---|---|
| John M. Pierce | John P. Margiotta |
| Pierce Bainbridge P.C. | David A. Donahue |
| 355 S. Grand Avenue, 44th Floor | Sydney Kipen |
| Los Angeles, CA 90071 | Daniel Nuzzaci |
| (213) 262-9333 | Fross Zelnick Lehrman & Zissu, P.C. |
| jpierce@piercebainbridge.com | 151 West 42nd Street, 17th Floor |
| | New York, NY 10036 |
| *Counsel for Plaintiff* | (212) 813-5900 |
| | jmargiotta@fzlz.com |
| | ddonahue@fzlz.com |
| | skipen@fzlz.com |
| | dnuzzaci@fzlz.com |
| | |
| | *Counsel for Defendants* |

5