UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOLID 21, INC., <br><br> Plaintiff, <br><br> v. <br><br> RICHEMONT NORTH AMERICA, INC.; RICHEMONT INTERNATIONAL S.A.; and MONTBLANC-SIMPLO GMBH, <br><br> Defendants. | Civil Action No. 1:19-cv-01262-LGS |

**[PROPOSED] PROTECTIVE ORDER**

Before the Court is the Parties' Joint Motion to Enter Protective Order. Having considered the Motion, it is hereby ORDERED that the Motion is GRANTED. The Parties' Protective Order is as follows:

1. As used in this Protective Order, these terms have the following meaning:

"Action" means *Solid 21, Inc. v. Richemont North America, Inc. et al.*, Case No. 1:19-cv-01262-LGS;

"Attorneys" means attorneys with the law firms of Hecht Partners LLP, and Fross Zelnick Lehrman & Zissu, P.C.;

"Protected Information" is Information designated as "Confidential" or "Attorneys' Eyes Only" in Paragraph 2;

"Expert" means any person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action and is not an officer, shareholder, owner, manager, partner, distributor, independent contractor, affiliate, director, employee, former employee, contractor, relative, competitor, or customer of an opposing Party;

"Information" means all materials within the scope of Federal Rule of Civil Procedure 34, including documents, electronically stored information, and tangible things, as well as information given in writing or orally;

1

2. By making it or identifying it as "Confidential," a Party may designate any Information, including interrogatory responses, other discovery responses, testimony, and transcripts, that it contends in good faith constitutes or contains a trade secret or other confidential information. By making it or identifying it as "Attorneys' Eyes Only," a Party may designate any Information, including interrogatory responses, other discovery responses, testimony, and transcripts, that it contends in good faith constitutes or contains a trade secret or other confidential information *and* the disclosure of which to competitors would result in competitive disadvantage to the Party, including, but not limited to, non-public financial information and non-public information regarding the components and/or construction of the Parties' products.

3. All Protected Information, along with the contents and substance of such Information, shall be used solely for the purpose of this Action, and no person receiving such Protected Information shall, directly or indirectly, transfer, disclose, or communicate in any way the contents or substance of the Protected Information to any person other than those specified in Paragraphs 4 or 5, as the case may be. Prohibited purposes include, but are not limited to, use for competitive purposes or the prosecution of claims not stated in this Action.

4. Access to any Information designated "Confidential" shall be limited to:

   a. the Court and its officers;
   b. the parties, including their employees, officers, and directors, to the extent such disclosure is necessary for the carrying out of their respective duties in connection with this litigation;

    c. all parties' Attorneys and their office associates, paralegals, legal assistants, stenographic or clerical employees, and outside vendors hired in the ordinary course of representation;

    d. persons shown on the face of the Information to have authored or received it, or who are designated to testify on behalf of an organization about a topic on which the organization's Information is relevant;

    e. during their depositions, witnesses and attorneys of witnesses in this Action to whom disclosure is reasonably necessary, and the witnesses and their attorneys will not be permitted to keep any Confidential Information unless otherwise agreed by the designating Party or ordered by the Court;

    f. court reporters retained to transcribe testimony;

    g. Experts;

    h. outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any Party) who are retained by a Party or its attorneys to provide assistance as mock jurors or focus group members or the like; and

    i. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties.

5. Access to any Information designated "Attorneys' Eyes Only" shall be limited to:

    a. the Court and its officers;

    b. all parties' Attorneys and their office associates, paralegals, legal assistants, stenographic or clerical employees, and outside vendors hired in the ordinary course of representation;

    c. persons shown on the face of the Information to have authored or received it, or who are designated to testify on behalf of an organization about a topic on which the organization's Information is relevant;

    d. during their depositions, witnesses and attorneys of witnesses in this Action to whom disclosure is reasonably necessary, and the witnesses and their attorneys will not be permitted to keep any Confidential Information unless otherwise agreed by the designating Party or ordered by the Court;

    e. court reporters retained to transcribe testimony;

    f. Experts;

    g. outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any Party) who are retained by a Party or its attorneys to provide assistance as mock jurors or focus group members or the like; and

    h. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties.

6.     The designation of Protected Information shall be made prior to or at the time of the production or disclosure of the Information and shall be marked on each page to which the designation applies, or in the event that such marking is not feasible, on a prominent visible surface, envelope or container. When a tangible object is produced for inspection subject to this Protective Order, a photograph thereof shall be produced at the time of inspection labeled with the desired designation. Thereafter, any knowledge learned or obtained as a result of the inspection shall be subject to this Protective Order in accordance with the designation. Any recipient of Information designated as Protected Information must ensure that all copies

reproducing or discussing such Information, including full or partial paper or electronic duplicates, as well as documents, notes, affidavits, memoranda, reports or evidence referring to the Information, are similarly marked or identified.

7. Third parties producing Information in the course of this Action may also designate Information as Protected Information, subject to the same protections and constraints on the parties to the Action. A copy of this Protective Order shall be served along with any subpoena served in connection with this Action. All Information produced by such third parties shall be treated as "Confidential" for a period of 15 days from the date of its production or disclosure, and during that period any Party or the Third Party may designate such Information as Protected Information pursuant to the terms of this Protective Order. A Third Party's use of this Protective Order to protect its own Information does not entitle it to access any Information produced by any Party to this Action.

8. All depositions or portions of depositions taken in this Action, including exhibits thereto, that discuss, contain, or constitute Information designated as Protected Information may be similarly designated. Confidentiality designations for depositions shall be made either on the record or by written notice to the other Party within 15 days of receipt of the final (not rough) transcript. Unless otherwise agreed, depositions shall be treated as "Attorneys' Eyes Only" during the 15-day period following receipt of the final (not rough) transcript. For depositions containing some Protected Information and some non-Protected Information, a separate transcript(s) marked "Confidential Information Governed by Protective Order" and/or "Attorneys' Eyes Only Information Governed by Protective Order," as the case may be, apart from the usual transcript, shall be prepared by the court reporter. The deposition of any witness

(or any portion of such deposition) that encompasses Protected Information shall be taken only in the presence of persons who are qualified to have access to such Information.

9. Any Party who inadvertently fails to identify Information as Protected Information shall promptly take reasonable steps to correct its failure.  Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced Information.  Such Information will thereafter be treated as Protected Information.  Any Party receiving such inadvertently unmarked Protected Information shall make reasonable efforts to retrieve any such Information distributed to unauthorized persons.

10. All inadvertent disclosures of Information that is privileged or otherwise immune from discovery shall be subject to the requirements and procedures detailed in Federal Rule of Evidence 502(b) and Federal Rule of Civil Procedure 26(b)(5)(B).  If a Party learns that, by inadvertence or otherwise, it has disclosed another Party's or third-party's "Confidential" Information to any person not authorized to view such Information under this Protective Order, the Party must immediately:  (a) notify in writing the designating Party of the unauthorized disclosure; (b) use its best efforts to retrieve all unauthorized copies of the Information; and (c) inform the person or persons to whom unauthorized disclosure was made of the terms of this Protective Order.

11. Any Party may request a change in the designation of any Information designated as Protected Information.  Any such Information shall be treated as designated until the change is completed.  If the requested change in designation is not agreed to, the Party seeking the change shall move for relief consistent with the Court's Scheduling Order, as well as the Local Rules of this Court and any applicable discovery procedures, providing notice to any Third Party whose designation of produced Protected Information in the Action may be affected.  The Party

asserting that the Information is Protected Information shall have the burden of proving that the Information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

12. If a Party is served with a discovery request, subpoena, or a court order issued in other litigation that compels disclosure of any Protected Information, that Party must:

    a. Promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order;

    b. Promptly notify in writing the person who caused the discovery request, subpoena, or order to issue in the other litigation that some or all of the material covered by the discovery request, subpoena, or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

    c. Cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Information may be affected.

If the designating Party timely seeks a protective order or files a motion to quash, the Party served with the discovery request, subpoena, or court order shall not produce any Protected Information before a determination by the court from which the discovery request, subpoena, or order issued, unless the Party has obtained the designating Party's permission. If no motion to quash or motion for protective order is filed before the scheduled production date fixed by the applicable discovery rule, subpoena, or order, or if the motion to quash the subpoena or motion for protective order is denied, the Party upon whom the discovery request, subpoena, or order was served may comply with the same without being deemed to have violated this Protective Order. The designating Party shall bear the burden and expense of seeking protection in that court of its Information and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this Action to disobey a lawful directive from another court.

13. Within 60 days of the termination of this Action (including any appeals), or a request by the Party that produced the Information, whichever is later, each Party shall either destroy or return to the opposing Party all tangible things and tangible copies of Information designated as Protected Information by the opposing Party, including all tangible copies of extracts or data taken from such Information, with the exception of Information excerpted and included in attorney notes or written work product, including without limitation, written discovery, correspondence, judicial submissions such as briefs or memoranda, expert reports, and drafts thereof.  Each Party shall use commercially reasonable efforts to remove electronic copies of such Information from any computer, server, or communication device.  Each Party shall provide a certification as to such return or destruction within the 60-day period.  Attorneys shall be entitled to retain, however, one paper and one electronic set of all Information generated in connection with this Action.

14. Any Party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15. No Action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the Action or of any position as to discoverability, admissibility, or relevance of evidence.

16. The restrictions set forth in this Protective Order shall not apply to Information that is known to the receiving Party or the public before the date of its transmission to the receiving Party, or which becomes known to the public after the date of its transmission to the receiving Party, provided that such Information does not become publicly known by any act or

omission of the receiving Party, its employees, or its agents that would be in violation of this

Protective Order.

    17.    The obligations imposed by this Protective Order shall survive the termination of this Action.

*The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions. Any request to seal shall be made in accordance with Individual Rule I.D.3.*

DONE AND ORDERED in Chambers in New York, New York, this <u>16th</u> day of <u>September</u>, 2021.

                                                                        **LORNA G. SCHOFIELD**
                                                                        **UNITED STATES DISTRICT JUDGE**