UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOLID 21, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>RICHEMONT NORTH AMERICA, INC.;<br>RICHEMONT INTERNATIONAL S.A.; and<br>MONTBLANC-SIMPLO GMBH,<br><br>    Defendants. | Civil Action No. 1:19-cv-01262-LGS |

**PLAINTIFF SOLID 21, INC.'S REPLY BRIEF IN SUPPORT OF ITS CROSS-MOTION
<u>FOR SUMMARY JUDGMENT</u>**

Defendants' Opposition to Plaintiff's Cross-Motion for Summary Judgment (Dkt. No. 152 at 3-6, hereinafter "Opp.") is based on a misstatement of the law: that "if 'red gold' describes a material from which watches and jewelry can be made, it must be generic and not merely descriptive of such goods." Opp. at 6. But it is black letter law that if "Red Gold" identifies a material in watches and/or jewelry, this squarely places the mark as a "descriptive" term – not one that is generic. *See, e.g.*, *Gruner + Jahr USA Pub. v. Meredith Corp.*, 991 F.2d 1072, 1076 (2d. Cir. 1993) (descriptive marks identify a characteristic, quality, or *ingredient* of the product) (emphasis added); *Soweco, Inc. v. Shell Oil Co.*, 617 F.2d 1178, 1183 (5th Cir. 1980) (a "descriptive" term identifies a characteristic or quality of an article or service, as, for example, its color, odor, function, dimensions, or *ingredients*) (emphasis added, internal quotations and citations omitted); *see also Haydon Switch and Instrument, Inc. v. Rexnord, Inc.*, Civ. No. N 86-190(JAC), 1987 WL 26062, at *7 (D. Conn. June 4, 1987) ("Because the planetary gears in plaintiff's counters are a *component or ingredient* of the product, not the product itself, the PLANETGEAR mark is in no sense generic.") (emphasis added).

1

Admittedly, "Red Gold" may not automatically be descriptive (rather than generic) if it describes a component of jewelry. *See Solid 21, Inc. v. Breitling U.S.A., Inc. et al.,* No. 3:19-cv-00514 (MPS), 2021 WL 4430755, at *10 (D. Conn. Sept. 27, 2021). But to cross the line into "generic[ness]," "Red Gold" *must* describe a genus or type of watch or jewelry made of a particular alloy – which it does not. *See id.*; *see also Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 194 (1985) (generic marks refer to the genus of which a particular product is a species); *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1358 (11th Cir. 2007) (a generic term depicts the product or service as a whole, rather than any particular feature, quality, or characteristic of that produce or service).

Here, Defendants never make the leap from "'Red Gold' as a type of alloy used in watches and jewelry" (which would be descriptive) to "'Red Gold' as a genus or type of watch or jewelry that is made of a particular alloy" (which might be generic). In fact, critical admissions by Defendants' own witnesses – which Plaintiff raised in its opening cross-motion brief and Defendants completely ignored – unequivocally foreclosed that possibility. Defendants' employee and 30(b)(6) designee Sarah Zaouk made it crystal clear that "Red Gold" does not describe any genus or type of watch or jewelry:

> Q   Ms. Zaouk, is Red Gold a type of jewelry?
>
> A   No.
>
> Q   Is Red Gold a type of watch?
>
> A   No.

Dkt. No. 147-1 (Zaouk Dep.) at 16:25 – 17:4.

Likewise, Florent-Aymeric Dubiez, another of Defendants' employee and 30(b)(6) witnesses, echoed the sentiment that "Red Gold" is merely a material and not any genus or type

of watch or jewelry:

>     Q      In watches and jewelry, is red gold a color?
>
>     A      No.  It's a type of material.
>
>     Q      Is red gold a type of jewelry?
>
>     A      It's a material.
>
>     Q      Is red gold a type of watch?
>
>     A      It's a material.

Dkt. No. 147-2 (Dubiez Dep.) at 13:22 – 14:3.

Considering the foregoing, it is no surprise that Defendants' Opposition completely ignores their own witness testimony.  For Defendants' claim to be true – that "Red Gold" is generic because it is a genus or type of watch or jewelry made from a particular alloy – it must directly contradict Defendants' own witness admissions that there is no genus or type of watch or jewelry known as "Red Gold."

Defendants' cited cases do nothing to support their point and, instead, reinforce the principle that a "generic" mark refers to a genus or type of good or service and not merely an ingredient.  *See Genesee Brewing Co. v. Stroh Brewing Co.*, 124 F.3d 137, 140 (2d Cir. 1997) ("Honey Brown" was generic because it described a category of beer); *Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4, 11-12 (2d Cir. 1976) ("safari" was a type of clothing, particularly hat and suit, but not a type of shoe); *In re Cordua Rests., Inc.*, 823 F.3d 594, 604 (Fed. Cir. 2016) ("churrasco" referred to a key aspect of a class of restaurants that were commonly referred to as "churrasco restaurants"); *Rudolph Int'l Inc. v. Realys, Inc.*, 482 F.3d 1195, 1198-99 (9th Cir. 2007) ("disinfectable" referred to a type of product that is capable of being disinfected); *Miller Brewing Co. v. G. Heileman Brewing Co.*, 561 F.2d 75, 80-81 (7th Cir.

3

1977) ("light" (or "lite") when used with beer was generic as "light beer" was a type of beer with low alcoholic content); *Sheetz of Del., Inc. v. Doctor's Assocs. Inc.*, 108 U.S.P.Q.2d 1341, 1354, 1366 (T.T.A.B. 2013) ("footlong" denotes a type of sandwich that is one foot long); *Schwan's IP, LLC v. Kraft Pizza Co.*, 460 F.3d 971, 975 (8th Cir. 2006) ("brick oven" referred to a type of pizza); *In re Helena Rubenstein, Inc.*, 410 F.2d 438, 439-40 (C.C.P.A. 1969) ("pasteurized" generically descriptive of a class of products that have been subjected to pasteurization); *Roselux Chem. Co. v. Parsons Ammonia Co.*, 299 F.2d 855, 861 (C.C.P.A. 1962) ("sudsy" was a type designation for an ammonia compound); *J. Kohnstam, Ltd. v. Louis Marx & Co.*, 280 F.2d 437, 439 (C.C.P.A. 1960) ("matchbox" unregistrable as a type of toy sold in a simulated matchbox); *CG Roxane LLC v. Fiji Water Co.*, 569 F. Supp. 2d 1019, 1029-30 (N.D. Cal. 2008) ("bottled at the source" a reference to a type of bottled water); *Classic Foods Int'l Corp. v. Kettle Foods, Inc.*, 468 F. Supp. 2d 1181, 1192 (C.D. Cal. 2007) ("kettle" referred to a type of potato chip); *In re Central Sprinkler Co.*, 49 U.S.P.Q.2d 1194, 1998 WL 929628, at *3 (T.T.A.B. 1998) ("attic" referred to a subcategory of sprinklers for fire protection of attics).

Conversely, Defendants entirely fail to distinguish Plaintiff's supporting cases and merely focus on irrelevant points that cannot carry their burden on summary judgment. To start, contrary to Defendants' assertion (Opp. at 6), the court in *Haydon Switch and Instrument, Inc. v. Rexnord, Inc.* directly addressed the issue of genericness when it determined where the PLANETGEAR mark fell on the trademark distinctiveness spectrum. 1987 WL 26062, at *7 ("Because the planetary gears in plaintiff's counters are a component or ingredient of the product, not the product itself, the PLANETGEAR mark is in no sense generic."). And the fact that the respective marks and terms in question in the *Haydon* and *Therapy Products* cases ("PLANETGEAR" versus "planetary gear" in *Haydon* and "lipolaser" versus "liposuction laser"

4

in *Therapy Products*) were not identical were not what determined whether the marks in question fell on the genericness side versus the descriptive side of the trademark distinctiveness spectrum. *See Haydon*, 1987 WL 26062, at *7 (PLANETGEAR mark not generic because it did not identify a particular product); *Therapy Prods., Inc. v. Bissoon*, 623 F. Supp. 2d 485, 494 (S.D.N.Y. 2009) ("No leap of imagination is necessary to discern the general purpose of the product identified by the term 'lipolaser.'"); *see also Miller Brewing Co.*, 561 F.2d at 79 (a misspelled or phonetically equivalent word (such as the case of "lite" vs "light") does not save a term from genericness).  Finally, Defendants bizarrely misread *Black & Decker Corp. v. Dunsford* by claiming that the mark at issue was off point because it did not designate a light made from snakes.  Opp. at 6.  Of course, it did not – a light made from snakes would be absurd (and worrisome).  Rather, the mark was found to be descriptive because it identified a characteristic, quality, or ingredient of the product – that of a light that was "snake-like." *Black & Decker Corp. v. Dunsford*, 944 F. Supp. 220, 225 (S.D.N.Y. 1996).  Contrary to Defendants' claims, these cases emphasize the distinction between a generic mark (one that refers to a genus or type of goods) and a descriptive mark (one that merely refers to a component, characteristic, or ingredient of a product) – the latter of which "Red Gold" clearly falls under, in the context of watches and jewelry.

   For the foregoing reasons and those in its Cross-Motion, Solid 21 respectfully requests that the Court grant its Cross-Motion for Summary Judgment.

Dated: November 8, 2021

                                         _/s/ David L. Hecht_
                                         David L. Hecht
                                         Hecht Partners LLP
                                         125 Park Avenue, 25th Floor
                                         New York, NY 10017
                                         P: (212) 851-6821
                                         dhecht@hechtpartners.com

                                         *Counsel for Plaintiff Solid 21, Inc.*

## **CERTIFICATE OF SERVICE**

I, David L. Hecht, hereby certify that on November 8, 2021, I served a true and correct copy of the foregoing **PLAINTIFF SOLID 21, INC.'S REPLY BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT** to counsel of record via electronic filing.

 */s/ David L. Hecht*
David L. Hecht