```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SOLID 21, INC.,                                             :
                                Plaintiff,                  :
                                                            :   19 Civ. 1262 (LGS)
                -against-                                   :
                                                            :        ORDER
RICHEMONT NORTH AMERICA, INC., et al.,                      :
                                Defendants.                 :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on September 7, 2022, Defendants' motion for summary judgment was granted as to Defendants' intracompany sales and otherwise denied, and Plaintiff's motion for summary judgment was denied (Dkt. No. 159).

WHEREAS, on September 21, 2022, Plaintiff moved for reconsideration of only that portion of the summary judgment opinion concerning intracompany sales (Dkt. No. 161).

WHEREAS, "[a] party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (cleaned up). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (internal quotation marks omitted).

WHEREAS, Plaintiff does not point to any matters that were overlooked nor any authority, controlling or otherwise, suggesting that the Court erred. Plaintiff argues that trademark infringement liability can attach to the "use in commerce" of an infringing mark in advertising, even before an infringing sale has been completed and even if the infringing mark is

not "affixed" to the products sold. *See VersaTop Support Sys., LLC v. Georgia Expo, Inc.*, 921 F.3d 1364, 1365-66 (Fed. Cir. 2019). But there is no question that the Europe-based Defendants' intracompany sales to Defendant Richemont North America, Inc. ("RNA") constitute a "use in commerce" of the mark. Plaintiff's claim based on intracompany sales fails because there is no likelihood of confusion. Whether there was a likelihood of confusion in RNA's subsequent sales to consumers is immaterial, since Plaintiff gave up those claims.

Plaintiff's argument in effect is that the European affiliate Defendants are contributorily or vicariously liable for RNA's use of the infringing mark to advertise and sell RNA's products to end consumers, because those affiliates provided "creative direction" of RNA's advertising. But Plaintiff has never alleged contributory or vicarious liability for RNA's sales (as opposed to retailers' sales) nor made that argument in opposing summary judgment. Accordingly, it cannot be raised for the first time on a motion for reconsideration. *See Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015) ("Those arguments were raised for the first time in plaintiffs' motion for reconsideration and therefore were not properly presented to the district court.").

For that reason, Plaintiff's argument that the Court's Order would lead to the absurd result that upstream actors in the distribution chain would be immunized from trademark liability is unpersuasive. Even if an upstream producer or distributor "does not directly control others in the chain of distribution, it can be held responsible for their infringing activities under certain circumstances." *See Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 853-54 (1982); *accord Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 104 (2d Cir. 2010). The problem is that Plaintiff has neither alleged nor argued that those circumstances are present here.

Similarly, Plaintiff's argument that the Court's order granting partial summary judgment conflicts with its order denying Defendants' motion to dismiss is unavailing. As the Court has

held, the Defendants other than RNA are not shielded from liability for their own uses of infringing marks.  Because Plaintiff has not previously asserted the secondary liability claims it now wishes to press, it is unnecessary to decide whether those claims would be affected by Plaintiff's agreement with RNA.

It is hereby **ORDERED** that Plaintiff's motion for reconsideration is DENIED.

Dated: September 23, 2022
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**