UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOLID 21, INC., <br><br> Plaintiff, <br><br> v. <br><br> RICHEMONT NORTH AMERICA, INC.; RICHEMONT INTERNATIONAL S.A.; and MONTBLANC-SIMPLO GMBH, <br><br> Defendants. | Civil Action No. 1:19-cv-01262-LGS |

**PLAINTIFF SOLID 21, INC.'S MOTION IN LIMINE TO PRECLUDE EVIDENCE AND TESTIMONY REGARDING DUAL GENERICNESS DEFENSES**

I.      INTRODUCTION

Plaintiff Solid 21, Inc. ( "Solid 21") moves to preclude Defendants from improperly relying on references that are published too early for a genericide defense and too late for a generic *ab initio* defense, based on the registration date of the RED GOLD® mark. Solid 21 owns the RED GOLD® trademark, which was registered in 2003 and became an incontestable mark in 2009. If Defendants present both genericide and generic *ab initio* defenses, the substantive difference between those defenses demands that they must confine their use of various references to one defense or the other.

II.     **DEFENDANTS SHOULD BE PRECLUDED FROM OFFERING THE SAME REFERENCE AND TESTIMONY IN SUPPORT OF BOTH GENERICNESS AB INITIO AND GENERICIDE DEFENSES**

"Where the majority of the relevant public appropriates a trademark term as the name of a product (or service), the mark is a victim of 'genericide' and trademark rights generally cease." *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007, *citing* MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION §12:1 (2007)); *see also Elliott v. Google, Inc.*, 860 F.3d 1151, 1156 (9th Cir. 2017), *aff'd* 860 F.3d 1151 (9th Cir. 2017), *cert. denied* 138 S. Ct. 362 (2017) ("Genericide occurs when the public appropriates a trademark and uses it as a generic name for particular types of goods or services irrespective of its source."). Thus, the genericide defense necessarily considers only those events that occur after the mark's registration: one cannot appropriate a trademark that does not yet exist. Genericide stands in contrast with the generic *ab initio* defense, which necessarily considers the status quo prior to registration of the mark. *See, e.g., San Diego Comic Convention v. Dan Farr Prods.*, Case No. 14-cv-1865 AJB (JMA), 2017 U.S. Dist. LEXIS 155681 at *10 (S.D. Cal. September 22, 2017) (*citing Schwan's IP, LLC v. Kraft Pizza Co.*, 460 F.3d 971, 974 (8th Cir. 2006)) ("generic *ab initio* is when a mark

1

is generic before a producer began using it as a trademark to advertise their products or services."); *Select Comfort Corp. v. Baxter*, Civil No. 12-2899 (DWF/SER), 2016 U.S. Dist. LEXIS 147715 at *6 (D. Minn. 2016) ("a mark is generic *ab initio* if it is generic at the time the company adopted it as a trademark.").

Defendants' expert Gary Smith submitted his report citing many references that purportedly support his opinion that the phrase "Red Gold" is generic. Yet Smith's report does not make any distinction among the various references as to what genericness defense the references support. For example, Mr. Smith cites examples of references that are dated prior to the registration of the RED GOLD® mark, and would thus be relevant, if at all, solely to the generic *ab initio* defense. *See, e.g.*, Ex. 1, ¶ 52 (Smith citing a 1971 Canadian newspaper article). Similarly, Mr. Smith cites other references that post-date the RED GOLD® mark's 2003 registration date, and are thus relevant, if at all, to the "genericide" defense. *See, e.g.*, *id.*, ¶ 59 (Smith citing a 2014 New York Times article).

But the nature of the inquiry regarding the defenses of "generic *ab initio*" and "genericide" relate to the use and understanding of a relevant public at discrete and non-overlapping times relative to the registration of the mark. *See Horizon Mills Corp. v. QVC, Inc.*, 161 F. Supp. 2d 208, 213-14 (S.D.N.Y. 2001) (explaining that a term is generic *ab initio* "where a seller appropriates an existing generic term," whereas a term is a victim of genericide "where a seller establishes trademark rights in a term which a majority of the relevant public then appropriates as the name of a product"). Defendants should, therefore, be precluded from offering documentary evidence and/or testimony in support of genericide that relies on references pre-dating the registration of the RED GOLD® mark, and should likewise be

precluded from offering documentary evidence and/or testimony in support of a genericness *ab initio* defense that relies on references that post-date the registration of the RED GOLD® mark.

## III.  CONCLUSION

For the foregoing reasons, the Court should preclude the Defendants from improperly relying on references that are published too early for a genericide defense and too late for a generic *ab initio* defense, based on the registration date of the RED GOLD® mark.

Dated: October 31, 2022

                                                           */s/ David L. Hecht*
                                                        David L. Hecht
                                                        Hecht Partners LLP
                                                        125 Park Avenue, 25th Floor
                                                        New York, NY 10017
                                                        P: (212) 851-6821
                                                        dhecht@hechtpartners.com

                                                        *Counsel for Plaintiff Solid 21, Inc.*

# CERTIFICATE OF SERVICE

I, David L. Hecht, hereby certify that on October 31, 2022, I served a true and correct copy of the foregoing **PLAINTIFF SOLID 21, INC.'S MOTION IN LIMINE TO PRECLUDE EVIDENCE AND TESTIMONY REGARDING DUAL GENERICNESS DEFENSES** to counsel of record via electronic filing.

 */s/ David L. Hecht*
David L. Hecht