```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
SOLID 21, INC.,                      :
                                     :   Civil Action No. 1:19-cv-01262-LGS
                   Plaintiff,        :
                                     :
       v.                            :
                                     :
RICHEMONT NORTH AMERICA, INC.;       :
RICHEMONT INTERNATIONAL S.A.;        :
MONTBLANC-SIMPLO GMBH; and OFFICINE  :
PANERAI A.G.,                        :
                                     :
                   Defendants.       :
-------------------------------------X
```

**AFFIDAVIT OF DAVID L. HECHT IN SUPPORT OF**
**MOTION TO WITHDRAW AS COUNSEL**

State of Texas

County of McLennan

David L. Hecht, an attorney duly admitted to practice before this Court, affirms the following to be true under penalty of perjury pursuant to 28 U.S.C. 1746:

1. I represent Solid 21, Inc. ("Solid 21") in the above captioned action. I am attorney in good standing and duly admitted to practice law in the States of New York and New Jersey and before this court.

2. I submit this affidavit in support of my Motion to Withdraw as Counsel for Solid 21, Inc.

3. I am currently the only counsel of record for Solid 21 in this case.

4. When considering whether to grant a motion to withdraw under Local Rule 1.4, a court must analyze two factors: the reason for withdrawal and the impact of the withdrawal on the timing of the proceedings. *See Winkfield v. Kirschenbaum & Phillips, P.C.,* No. 12-CV-7424(JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013).

5. There has been an irreconcilable breakdown in the attorney-client relationship with Solid 21 within the meaning of the Model Rules of Professional Conduct 1.16(c)(4).

6. I have acted in good faith in trying to resolve the breakdown before making this motion to withdraw, but I was not successful. To the extent the Court wishes to hear more details about the breakdown, I respectfully request to submit such details via a sealed *ex parte* submission or hearing.

7. My law firm intends to seek a charging lien for its services in this case.

8. In this Court it is firmly established that the failure of a client to cooperate with counsel in the prosecution or defense of an action and failure to communicate effectively and constructively with counsel are sufficient reasons permitting an attorney to withdraw from representing a client. "It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (internal quotation marks omitted). "Satisfactory reasons for withdrawal include a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client." *Id.* (internal quotation marks omitted); *see also Naguib v. Pub. Health Sols.*, No. 12-CV-2561, 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (granting motion to withdraw where the plaintiff refused to communicate and cooperate with counsel); *Liang v. Lucky Plaza Rest.*, No. 12-CV-5077, 2013 WL 3757036, at *2 (S.D.N.Y. July 17, 2013) (granting motion to withdraw where the plaintiff refused to cooperate in the prosecution of his case); *Munoz v. City of N.Y.*, No. 04-CV-1105, 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (finding the plaintiff's counsel demonstrated satisfactory reasons to withdraw "based on the lack of communication with the plaintiff and the acrimonious relationship that ha[d] developed between [counsel] and the

plaintiff"); *Fischer v. Biman Bangl. Airlines*, No. 96-CV-3120, 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997) ("[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal.").

9. Indeed, "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" to grant withdrawal. *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01-CV-2950, 2005 WL 1963945, at *2 (S.D.N.Y. Aug. 15, 2005); *see also McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (allowing attorney to withdraw where the "relationship between the parties has deteriorated beyond repair," although fault for that deterioration was disputed)."

10. The Court must also consider "the posture of the case," and whether "the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320–21 (2d Cir. 1999) (alteration and internal quotation marks omitted).

11. Requests to withdraw are subject to the sound discretion of the court. *Id.* Generally, parties have a right to "secur[e] counsel of their choice[ ]," *Murray v. Metro. Life Ins. Co.,* 583 F.3d 173, 180 (2d Cir. 2009), and withdrawal should be permitted "except under the most compelling circumstances." *Awolesi v. Shinseki,* 31 F.Supp.3d 534, 538 (W.D.N.Y. 2014) (citations omitted); *see Whiting,* 187 F.3d at 321-23 (recognizing "the interest of the district court in preventing counsel from withdrawing on eve of trial is substantial," showing that a breakdown in attorney client relationship is more important than the posture of the case).

12. Because of the breakdown in attorney-client communication, Solid 21, Inc. has assented to this motion and has indicated that we should file this motion.

13. Pending deadlines before this Court include:

- (i) Responses to motions *in limine*, currently due on November 9, 2022 (ECF No. 160),

4

- (ii) Joint requests to charge, joint *voir dire*, joint verdict form and any memorandum of law are currently due on November 16, 2022 (*id.*),

- (iii) Final Pretrial Order is due on November 30, 2022 (*id.*),

- (iv) Defendants' motion to strike jury demand due on December 2, 2022, with Plaintiff's response due on December 14, 2022 (ECF No. 204);

- (v) Trial is scheduled in this matter for March 6, 2023 at 9:45am or on the Court's first available date thereafter, and the final pretrial conference date to be set at a later date (ECF No. 165).

14. Solid 21, Inc. has been provided with a copy of the scheduling orders described in the preceding paragraph and is aware of all deadlines relating to the same. In connection with this request, we have requested, on Solid 21's behalf, that Counsel for Defendants agree to a **two-month extension of all deadlines** to accommodate Solid 21, Inc.'s efforts to find new counsel and a result of delays imposed by the holidays. Counsel for Defendants has neither agreed nor denied this request.

15. **Solid 21 has requested that I ask the Court for an extension of time to file a response to Defendants' Motion *in Limine* No. 3 (ECF No. 171), currently due today on November 9, 2022.** In connection with this request, I conferred with Counsel for Defendants to obtain their consent to this request, which they denied. All other responses to Defendants' motions *in limine* (Nos. 1-2, 4-6) have been filed today in accordance with the Court's scheduling order.

16. Defendants will suffer no undue prejudice on an extension to Solid 21's response to their Motion *in Limine* No. 3. There is ample time to resolve this motion prior to trial (scheduled for March 6, 2023) and the final pretrial conference (not yet scheduled).

17. With trial scheduled to proceed in March 2023, Solid 21 will still have ample

opportunity to seek other counsel, *see Karimian v. Time Equities, Inc.*, No. 10-CV-3773, 2011 WL 1900092, at *3 (S.D.N.Y. May 11, 2011) ("[A]lthough [the plaintiff] may face hurdles obtaining replacement counsel, this difficulty does not tip the scales in favor of denying the motion." (citation omitted)); *Moolick v. Natwest Bank, N.A.*, No. 95-CV-2226, 1996 WL 411691, at *3 (S.D.N.Y. July 23, 1996) ("The fact that a new lawyer would have to familiarize himself with the facts of that complex [ ] case, thereby increasing the costs of the litigation to the client, did not create sufficient prejudice to warrant denying the application.")

18. Solid 21, Inc. has been provided with a copy of this Motion to Withdraw and its ancillary documents by email.

19. I respectfully request that the Court grant the motion to withdraw my appearance for Plaintiff Solid 21, Inc.

Dated: Waco, Texas
November 10, 2022

David L. Hecht

**JURAT CERTIFICATE**

Subscribed and sworn to (or affirmed) before me on this 9th day of November, 2022, by David L. Hecht, who proved to me based on satisfactory evidence to be the person who appeared before me.



*Tanya McGinnis*
Notary Public, State of Texas

*Tanya McGinnis*
Printed Name of Notary Public

10-20-26
Commission Expiration

**CERTIFICATE OF SERVICE**

I, David L. Hecht, hereby certify that on this 9th Day of November, 2022, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system. Additionally, I have caused a copy of the foregoing document to be emailed to Solid 21, Inc. at: ca@chrisaire.com and christopheraire@icloud.com.

                                                  */s/ David L. Hecht*
                                                  David L. Hecht