John P. Margiotta (*jmargiotta@fzlz.com*)
Laura Popp-Rosenberg (*lpopp-rosenberg@fzlz.com*)
Daniel M. Nuzzaci (*dnuzzaci@fzlz.com*)
Brian Leary (*bleary@fzlz.com*)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
151 West 42nd Street, 17th Floor
New York, New York 10036
Phone: (212) 813-5900

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOLID 21, INC., <br><br> Plaintiff, <br><br> -against- <br><br> RICHEMONT NORTH AMERICA, INC., RICHEMONT INTERNATIONAL S.A., and MONTBLANC-SIMPLO GMBH, <br><br> Defendants. | Case No. 1:19-cv-1262 (LGS) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT**
**OF ITS MOTION TO STRIKE PLAINTIFF'S JURY DEMAND**

{F4904944.6 }

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................................ 1

ARGUMENT ...................................................................................................................................... 1

I.      There is no right to a jury under the Lanham Act. ............................................................... 1

II.     Plaintiff has no Seventh Amendment right to a jury in this case. ....................................... 2

        A.      Plaintiff's remaining claims for relief include disgorgement of profits, injunctive relief, costs and attorneys' fees, and interest. ........................................ 2

        B.      An accounting and disgorgement of profits is an equitable remedy. ...................... 5

        C.      An injunction, costs and fees, and interest are all equitable remedies. ................... 9

III.    Defendants' counterclaims do not provide a separate federal right to a jury. .................... 9

IV.    Trial to the bench would preserve party resources and further judicial economy. ........... 10

CONCLUSION ................................................................................................................................. 10

# **TABLE OF AUTHORITIES**

## **CASES**

*4 Pillar Dynasty LLC v. New York & Co.*,
  933 F.3d 202 (2d Cir. 2019) ............................................................................................... 9

*Alcan International Ltd. v. S.A. Day Manufacturing Co.*,
  179 F.R.D. 398 (W.D.N.Y. 1998) ...................................................................................... 7

*American Society for Prevention of Cruelty to Animals v. Alexanian*,
  95-CV-0205 (RO), 1995 WL 580276 (S.D.N.Y. Oct. 3, 1995) .......................................... 6

*Beacon Theatres, Inc. v. Westover*,
  359 U.S. 500 (1959) ........................................................................................................... 9

*Bruce Kirby, Inc. v. Laserperformance (Europe) Ltd.*,
  13-CV-0297 (JAM), 2021 WL 328632 (D. Conn. Feb. 1, 2021) ....................................... 6

*Cache, Inc. v. M.Z. Berger & Co.*,
  99-CV-12320, 2001 WL 38283 (S.D.N.Y. Jan. 16, 2001) ................................................. 7

*Capri Sun GmbH v. Am. Beverage Corp.*,
  19-CV-1422 (PAE), 2022 WL 3137131 (S.D.N.Y. Aug. 5, 2022) ..................................... 7

*Dairy Queen, Inc. v. Wood*,
  369 U.S. 469 (1962) ....................................................................................................... 7, 8

*Daisy Group, Ltd. v. Newport News, Inc.*,
  999 F. Supp. 548 (S.D.N.Y. 1998) ..................................................................................... 7

*E.J. Brooks Co. v. Cambridge Securty Seals*,
  105 N.E.3d 301 (N.Y. 2018) .............................................................................................. 5

*Empresa Cubana Del Tabaco v. Culbro Corp.*,
  123 F. Supp. 2d 203 (S.D.N.Y. 2000) ............................................................................ 6, 9

*Feltner v. Columbia Pictures Television, Inc.*,
  523 U.S. 340 (1998) ........................................................................................................... 8

*Fendi Adele S.r.l. v. Ashley Reed Trading, Inc.*,
  06-CV-0243 (RMB)(MHD), 2010 WL 11586410 (S.D.N.Y. July 30, 2010) .................... 7

*Ferrari S.P.A. v. Roberts*,
  944 F.2d 1235 (6th Cir. 1991) ............................................................................................ 6

*Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*,
  778 F.3d 1059 (9th Cir. 2015) ........................................................................................ 6, 8

*G.A. Modefine S.A. v. Burlington Coat Factory Warehouse Corp.*,
  888 F. Supp. 44 (S.D.N.Y. 1995) ....................................................................................... 6

*Gidatex, S.r.L. v. Campaniello Imps., Ltd.*,
  82 F. Supp. 2d 136 (S.D.N.Y. 2000) .................................................................................. 9

*Great-West Life & Annuity Insurance Co. v. Knudson*,
  534 U.S. 204 (2002) ........................................................................................................... 8

*Gucci America, Inc. v. Accents*,
   994 F. Supp. 538 (S.D.N.Y. 1998) .................................................................................... 7

*Gucci America, Inc. v. Weixing Li*,
   768 F.3d 122 (2d Cir. 2014) ................................................................................... 5, 6, 8

*Hamilton-Brown Shoe Co. v. Wolf Brothers & Co.*,
   240 U.S. 251 (1916) ........................................................................................................ 6, 8

*Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*,
   921 F.3d 1343 (11th Cir. 2019) ................................................................................ 4, 5, 8, 9

*Ideal World Marketing, Inc. v. Duracell, Inc.*,
   997 F. Supp. 334 (E.D.N.Y. 1998) ................................................................................ 7

*JL Beverage Co. v. Beam, Inc.*,
   11-CV-0417, 2017 WL 3666302 (D. Nev. Aug. 24, 2017) ............................................. 4

*JL Beverage Co. v. Jim Beam Brands Co.*,
   815 F. App'x 110 (9th Cir. 2020) .................................................................................... 6

*Liu v. SEC*,
   140 S. Ct. 1936 (2020) ..................................................................................................... 8

*Matal v. Tam*,
   137 S. Ct. 1744 (2017) ..................................................................................................... 2

*Merriam-Webster, Inc. v. Random House, Inc.*,
   91-CV-1221 (LMM), 1993 WL 205043 (S.D.N.Y. June 10, 1993) ............................... 6

*Parsons v. Bedford, Breedlove & Robeson*,
   28 U.S. 433 (1830) ....................................................................................................... 2, 9

*Patsy's Italian Restaurant, Inc. v. Banas*,
   658 F.3d 254 (2d Cir. 2011) ............................................................................................. 10

*Rocamova v. Equitable Life Assurance Society*,
   634 N.E.2d 940 (N.Y. 1994) ............................................................................................ 4

*Sanijet Corp. v. Jacuzzi Inc.*,
   01-CV-0897 (P), 2002 WL 139854 (N.D. Tex. Feb. 14, 2002) ...................................... 2

*SCA Hygiene Products Aktiebolag v. First Quality Baby Products, LLC*,
   137 S. Ct. 954 (2017) ....................................................................................................... 8

*Tiffany & Co. v. Costco Wholesale Corp.*,
   274 F. Supp. 3d 216 (S.D.N.Y. 2017), *vacated and remanded on other grounds*, 971
   F.3d 74 (2d Cir. 2020) ...................................................................................................... 6

*Tiffany (NJ) LLC v. China Merchants Bank*,
   589 F. App'x 550 (2d Cir. 2014) ...................................................................................... 9

*Tull v. United States*,
   481 U.S. 412 (1987) ................................................................................................ 2, 5, 8

*Virgilio v. City of New York*,
   407 F.3d 105 (2d Cir. 2005) ............................................................................................. 4

*Weinberger v. Romero-Barcelo*,
   456 U.S. 305 (1982) ............................................................................................................... 9

## STATUTES

15 U.S.C. § 1117 ................................................................................................................ *passim*

15 U.S.C. § 1119 .................................................................................................................. 1, 9, 10

15 U.S.C. § 1125 ......................................................................................................................... 1, 4

15 U.S.C. § 1114 ............................................................................................................................. 1

N.Y. G.B.L. 360-l ............................................................................................................................ 1

## RULES

Fed. R. Civ. P. 26 ....................................................................................................................... 3, 4

Fed. R. Civ. P. 37 .......................................................................................................................... 4

Fed. R. Civ. P. 38 .......................................................................................................................... 1

Fed. R. Civ. P. 39 .......................................................................................................................... 1

## TREATISES

J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 32:124 (5th
   ed. 2022) ................................................................................................................................. 7

## MISCELLANEOUS

Mark A. Thurmon, *Ending the Seventh Amendment Confusion: A Critical Analysis of the
   Right to a Jury Trial in Trademark Cases*, 11 Tex. Intell. Prop. L.J. 1 (2002) ........................ 2

Defendants Richemont North America, Inc., Richemont International S.A., and Montblanc-Simplo GmbH submit this memorandum of law in support of their motion to strike Plaintiff Solid 21, Inc.'s demand for a jury.

## INTRODUCTION

Plaintiff has no right to try this case to a jury. Plaintiff ceded that right when it chose to pursue monetary relief in the form of Defendants' profits rather than any harm it allegedly suffered. Disgorgement of profits is an equitable remedy. So, too, are Defendants' other remaining claims for relief—an injunction, attorneys' fees and costs, and interest. Equitable claims are tried to the bench, not the jury. Thus, the Court should strike Plaintiff's jury demand.

## ARGUMENT

This trademark action dates back more than a decade as part of Plaintiff's ongoing attempt to monetize the luxury watch and jewelry industry's use of the generic term 'red gold' to identify copper-infused, reddish-hued gold. Now, on the eve of trial, only limited claims remain. Plaintiff asserts trademark infringement under 15 U.S.C. §§ 1114 and 1125(a); unfair competition and false description under 15 U.S.C. § 1125(a); and trademark infringement under common law and N.Y. G.B.L. 360-l. (ECF No. 67 ¶¶ 63-87, 94-103, 109-12; *see also* ECF Nos. 91 at 4, 159 at 4 (partially dismissing claims).) Defendants counterclaim for declaratory relief and for cancellation of Plaintiff's trademark under 15 U.S.C. § 1119. (ECF No. 98 ¶¶ 130-43.) As shown below, none of these claims nor any of Plaintiff's requests for relief entitle it to a jury trial. Thus, the Court should strike Plaintiff's jury demand. *See* Fed. R. Civ. P. 39(a)(2) (a court may try the case to the bench where "there is no federal right to a jury trial").

**I.    There is no right to a jury under the Lanham Act.**

Under Rule 38(a), a federal statute may grant a litigant a federal right to a jury. Plaintiff's federal claims arise under the Lanham Act, however, and the Lanham Act neither grants nor

denies a right to a jury. *See generally* 15 U.S.C. § 1111 *et seq.*; *see also, e.g.*, *Sanijet Corp. v. Jacuzzi Inc.*, 01-CV-0897 (P), 2002 WL 1398546, at *1 (N.D. Tex. Feb. 14, 2002) (Lanham Act is "silent" on the issue). The question here turns on the Seventh Amendment.

**II.     Plaintiff has no Seventh Amendment right to a jury in this case.**

The Seventh Amendment vests a jury right in "Suits at common law." U.S. Const. amend. VII. If a suit is equitable rather than legal in nature, the Seventh Amendment does not apply. *Parsons v. Bedford, Breedlove & Robeson*, 28 U.S. 433, 447 (1830). To determine whether a federal statutory claim is equitable or legal, the Supreme Court provides a two-part analysis. *Tull v. United States*, 481 U.S. 412, 417-18 (1987). First, one compares the statutory action to 18th-century actions to determine whether similar actions would have been filed in courts of law or equity. *Id.* Second, and "more important," one asks whether the remedies sought are essentially legal or equitable. *Id.*

In this case, neither part of the two-part analysis would grant Plaintiff a right to a jury. As to the first part, the Supreme Court has observed that trademark actions were brought at both "common law and in equity at the time of the founding of our country," *Matal v. Tam*, 137 S. Ct. 1744, 1751 (2017), although commentators have concluded that "most trademark actions were brought in equity." Mark A. Thurmon, *Ending the Seventh Amendment Confusion: A Critical Analysis of the Right to a Jury Trial in Trademark Cases*, 11 Tex. Intell. Prop. L.J. 1, 63-68, 85 (2002). The first part is thus inconclusive at best. As to the second, more important part of the analysis, Plaintiff's remaining claims for relief are all equitable.

**A.     Plaintiff's remaining claims for relief include disgorgement of profits, injunctive relief, costs and attorneys' fees, and interest.**

Plaintiff's Second Amended Complaint requests numerous forms of relief. (ECF No. 67 at 35-36.) However, Plaintiff has abandoned most over the course of discovery, and now, on the

eve of trial, only a handful remain. If Plaintiff can meet its burdens of proof and overcome Defendants' defenses, the only remedies available include an accounting and disgorgement of profits, injunctive relief, costs and attorney's fees, and interest.

As to Plaintiff's requests for actual and compensatory damages, Plaintiff made clear throughout discovery and its expert reports that it is not pursuing these remedies. The Lanham Act allows a trademark holder to seek "defendant's profits" and "any damages sustained by the plaintiff." 15 U.S.C. § 1117(a). While Rule 26(a) requires a party to disclose "a computation of ***each category*** of damages claimed," Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added), Plaintiff's initial disclosures stated only that a "computation of claimed damages" was "unavailable" and "require[d] expert analysis." (Leary Decl. Ex. A at 3-4.[1]) In written discovery, Plaintiff again deferred the question of damages to expert testimony. (*See* Leary Decl. Ex. B at 17-18 (Plaintiff averring that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.) And in deposition testimony, Plaintiff relied on a single corporate witness, its CEO Christopher Aire, and when asked at deposition whether he could "assign any number" to the damages suffered by Solid 21, he also cited to expert discovery: "[W]e've hired people who are adept and have the skills to do this, so I'm going to defer to their testimony." (Leary Decl. Ex. C at 176:17-25, 177:2-5, 177:8-16; Ex. D at 1 (confirming Mr. Aire as Solid 21's only corporate witness).)

Plaintiff's sole damages expert, Dr. Jennifer Vanderhart, limited her report to disgorgement of profits and espoused no theory related to actual or compensatory damages. (Leary Decl. Ex. E ¶¶ 2, 11.) When deposed, she confirmed that her opinion rested only on "the disgorgement remedy" and did not include a lost royalty or otherwise "implicate the revenue of the plaintiff." (Leary Decl. Ex. F at 12:10-12, 15:15-21, 16:22-25.) Because Plaintiff "fail[ed] to

---

[1] Citations to exhibits refer to exhibits attached to the Declaration of Brian Leary filed concurrent with this motion.

provide" a computation of actual or compensatory damages "as required by Rule 26(a)," Plaintiff "is not allowed" to pursue those remedies at trial. Fed. R. Civ. P. 37(c)(1); *see also JL Beverage Co. v. Beam, Inc.*, 11-CV-00417, 2017 WL 3666302, at *4 (D. Nev. Aug. 24, 2017) (excluding "actual damages claim" under Rule 37(c) where plaintiff "fail[ed] to provide a computation of actual damages during discovery").

As to the boilerplate mention of statutory damages in the Second Amended Complaint, Plaintiff has never pursued those either. That is for good reason, as statutory damages are only available under the Lanham Act in cases of cyberpiracy or counterfeiting, *see* 15 U.S.C. §§ 1117(b), (c), 1125(d)(1), and Plaintiff did not plead either claim.

Without viable claims for actual, compensatory, or statutory damages, Plaintiff cannot seek treble or punitive damages. The Lanham Act allows for treble damages in two contexts: "for any sum above the amount found as ***actual*** damages, not exceeding three times" and "in a case involving use of a counterfeit mark or designation." 15 U.S.C. § 1117(a), (b) (emphasis added). Because Plaintiff seeks zero actual damages and has neither pled nor pursued counterfeiting claims, treble damages are unavailable. Similarly, punitive damages are unavailable under the Lanham Act and "under New York law . . . cannot be invoked without some compensatory injury"—*i.e.*, actual damages. *Virgilio v. City of New York*, 407 F.3d 105, 117 (2d Cir. 2005) (citing *Rocamova v. Equitable Life Assurance Soc'y*, 634 N.E.2d 940, 945 (N.Y. 1994).)

Nor can Defendants' profits stand in for "some compensatory injury." The Lanham Act allows an award of profits without any showing that the profits correspond to the alleged harm: "[T]he focus is entirely on the alleged infringer's gain; the plaintiff is not required to present any evidence of particular financial harm that it suffered so as to justify redress." *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1354 (11th Cir. 2019). New York law, however,

requires a plaintiff to show that the defendants' profits "correspond[]" to "what the plaintiff has lost." *E.J. Brooks Co. v. Cambridge Sec. Seals*, 105 N.E.3d 301, 309 (N.Y. 2018). Because Plaintiff has no discovery on its alleged losses, Plaintiff cannot demonstrate such a correspondence. Punitive damages, therefore, are unavailable under federal and New York law.

### B. An accounting and disgorgement of profits is an equitable remedy.

The primary monetary remedy Plaintiff seeks is an accounting and disgorgement of Defendants' profits. That is an "equitable remedy." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 130 (2d Cir. 2014). As such, it carries no Seventh Amendment right to a jury. *Tull*, 481 U.S. at 417-18. Although the Second Circuit has not explicitly held there is no jury right for a disgorgement of profits in a trademark action, it would be a mistake to characterize this silence as disputed law in the Circuit. What few courts have ruled otherwise are nonbinding, outdated, and mistaken, and those decisions are outweighed by authority that there is no jury right, including other courts of appeals' holdings that there is no jury right and ever-growing dicta from the Second Circuit and Supreme Court that disgorgement of profits is equitable.

All three courts of appeals to have addressed whether a disgorgement of profits under the Lanham Act invokes a Seventh Amendment right to jury have unanimously answered that it does not. Most recently, the Eleventh Circuit found no right to a jury under the two-part *Tull* analysis where a plaintiff, asserting Lanham Act and common law claims of trademark infringement, had dropped its claims for actual damages before trial and sought only, similar to here, injunctive and declaratory relief, an accounting and disgorgement of profits, and fees and costs. *Hard Candy*, 921 F.3d at 1348, 1359 ("[A]n accounting and disgorgement of a defendant's profits in a trademark infringement case is equitable in nature and does not carry with it a right to a jury trial."). A few years earlier, the Ninth Circuit unequivocally held that a "claim for disgorgement of profits under § 1117(a) is equitable, not legal" such that "[t]here is no Seventh Amendment

right to have a jury calculate profits." *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074-75 (9th Cir. 2015). The Ninth Circuit later affirmed a district court's order striking a jury demand where plaintiff sought "disgorgement of profits under the Lanham Act." *JL Beverage Co. v. Jim Beam Brands Co.*, 815 F. App'x 110, 112 (9th Cir. 2020). And the Sixth Circuit has also concluded that a plaintiff "was not entitled to a jury trial" where the "Complaint requested only equitable relief, an injunction and disgorgement of profits." *Ferrari S.P.A. v. Roberts*, 944 F.2d 1235, 1248 (6th Cir. 1991).

Numerous courts within this circuit have reached the same conclusion. *See, e.g.*, *Bruce Kirby, Inc. v. Laserperformance (Eur.) Ltd.*, 13-CV-0297 (JAM), 2021 WL 328632, at *12 (D. Conn. Feb. 1, 2021) ("no right to a jury trial for an accounting and disgorgement of profits in a trademark infringement case."); *Tiffany & Co. v. Costco Wholesale Corp.*, 274 F. Supp. 3d 216, 220 (S.D.N.Y. 2017) (similar), *vacated and remanded on other grounds*, 971 F.3d 74 (2d Cir. 2020); *Empresa Cubana Del Tabaco v. Culbro Corp.*, 123 F. Supp. 2d 203, 206 (S.D.N.Y. 2000) (striking jury demand); *G.A. Modefine S.A. v. Burlington Coat Factory Warehouse Corp.*, 888 F. Supp. 44, 45-46 (S.D.N.Y. 1995) (denying jury request); *Am. Soc'y for Prevention of Cruelty to Animals v. Alexanian*, 95-CV-0205 (RO), 1995 WL 580276, at *1 (S.D.N.Y. Oct. 3, 1995) (striking jury demand); *Merriam-Webster, Inc. v. Random House, Inc.*, 91-CV-1221 (LMM), 1993 WL 205043, at *3 (S.D.N.Y. June 10, 1993) (similar).

Although a handful of courts in this circuit have disagreed, they are neither binding nor persuasive. First, most such decisions are over twenty years old.[2] *See Cache, Inc. v. M.Z. Berger*

---

[2] None of the more recent cases Plaintiff cited in its opposition to Defendants' letter motion held that disgorgement carried a jury right; rather, these cases simply described the remedy as "compensatory." (ECF No. 196 at 1.) But that does not make it legal or vest a jury right. The Supreme Court itself has described disgorgement as "an ***equitable*** measure of compensation." *Hamilton-Brown Shoe Co. v. Wolf Bros. & Co.*, 240 U.S. 251, 259 (1916) (emphasis added); *see also Gucci Am.*, 768 F.3d at 131 (same). The one recent case that Plaintiff cited that does address the jury right did not find one. *See Capri Sun GmbH v. Am. Beverage Corp.*, 19-CV-1422 (PAE), 2022 WL 3137131, at

& Co.*, 99-CV-12320, 2001 WL 38283, at *16 (S.D.N.Y. Jan. 16, 2001); *Alcan Int'l Ltd. v. S.A. Day Mfg. Co.*, 179 F.R.D. 398, 401 (W.D.N.Y. 1998); *Daisy Grp., Ltd. v. Newport News, Inc.*, 999 F. Supp. 548, 551 (S.D.N.Y. 1998); *Ideal World Mktg., Inc. v. Duracell, Inc.*, 997 F. Supp. 334, 339 (E.D.N.Y. 1998); *Gucci Am., Inc. v. Accents*, 994 F. Supp. 538, 541 (S.D.N.Y. 1998). Thus, they predate the growing weight of authority cited above. Indeed, the leading treatise now states that "almost all courts have held that there is no right to trial by jury if the only monetary remedy the trademark owner seeks is an accounting of the alleged infringer's profits." 6 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 32:124 (5th ed. 2022).

Second, those decisions finding a jury right in a disgorgement of profits almost all rely on a mistaken understanding of *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962). In *Dairy Queen*, a restaurant company sued a franchisee for breach of contract and trademark infringement and sought "an accounting to determine the exact amount of money owing." *Id.* at 475. The Court required a jury trial because the claim "is unquestionably legal." *Id.* at 476. The restaurant company's characterization of its remedy demand as "an accounting" has misled courts to conclude that *Dairy Queen* holds that an accounting and disgorgement of profits is a legal, not equitable remedy. *See, e.g.*, *Fendi Adele S.r.l. v. Ashley Reed Trading, Inc.*, 06-CV-0243 (RMB)(MHD), 2010 WL 11586410, at *17 (S.D.N.Y. July 30, 2010) (citing *Dairy Queen*); *Alcan Int'l*, 179 F.R.D. at 401 ("I find the Supreme Court's decision in *Dairy Queen* to be controlling."); *Daisy Grp.*, 999 F. Supp. at 551 ("The Supreme Court decision in *Dairy Queen* is the controlling authority."); *Ideal World Mktg.*, 997 F. Supp. at 339 ("[T]he Court's decision is consistent with the Supreme Court's decision in *Dairy Queen*.").

But the Supreme Court did not make that holding. The Court explained that in "[t]he

---

*5-6 (S.D.N.Y. Aug. 5, 2022). The court declined to certify an interlocutory appeal, in part, because of disagreement about the jury right within the circuit. *Id.* The court did not make any finding whether such a right exists. *Id.*

most natural construction of the respondents' claim . . . it is a claim that they are entitled to recover whatever was owed them under the contract as of the date of its purported termination plus ***damages*** for infringement of their trademark since that date." *Dairy Queen*, 369 U.S. at 476 (emphasis added). Reading *Dairy Queen* to find a jury right for disgorgement of profits, rather than damages, has been roundly repudiated in recent years. "Plaintiffs in *Dairy Queen* did not seek an award of profits, but amounts owed under a contract and damages for trademark infringement." *Gucci Am.*, 768 F.3d at 133; *see also Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 346 (1998) (*Dairy Queen* was an "action for damages for trademark infringement"); *Hard Candy*, 921 F.3d at 1358 ("We do not read *Dairy Queen* as holding that the accounting and disgorgement of profits was a legal remedy, since that isn't what the plaintiff had sought."); *Fifty-Six Hope Rd. Music*, 778 F.3d at 1075 ("[*Dairy Queen*] does not broadly hold that a Lanham Act claim for disgorgement of profits is a legal claim.").

Finally, although the Supreme Court and Second Circuit have not explicitly held that there is no Seventh Amendment jury right for a disgorgement of profits under the Lanham Act, both courts have repeatedly described accounting and disgorgement as equitable remedies. *See, e.g., Liu v. SEC*, 140 S. Ct. 1936, 1943 (2020) ("Decisions from this Court confirm that a remedy tethered to a wrongdoer's net unlawful profits, whatever the name, has been a mainstay of equity courts."); *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 137 S. Ct. 954, 964 (2017) (accounting and disgorgement of profits is an "equitable remedy"); *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 n.2 (2002) ("an accounting for profits" is "a form of equitable restitution"); *Tull*, 481 U.S. at 424 ("disgorgement of improper profits" is "traditionally considered an equitable remedy"); *Hamilton-Brown Shoe*, 240 U.S. at 259 (describing origin of trademark profit awards in courts of equity); *Gucci Am.*, 768 F.3d at 130

(accounting is an "equitable remedy"); *Tiffany (NJ) LLC v. China Merchs. Bank*, 589 F. App'x 550, 552 (2d Cir. 2014) ("In accordance with our holding in *Gucci*—and well settled Supreme Court precedent—a claim for an accounting of profits under the Lanham Act is equitable in nature."). This alone answers the question. There is no Seventh Amendment jury right for equitable claims. *See Tull*, 481 U.S. at 417-18; *Parsons*, 28 U.S. at 447. Thus, Plaintiff has no right to a jury for an accounting and disgorgement of profits.

### C. An injunction, costs and fees, and interest are all equitable remedies.

"It goes without saying that an injunction is an equitable remedy." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982). So are awards of costs, attorneys' fees, and interest. *See 4 Pillar Dynasty LLC v. New York & Co.*, 933 F.3d 202, 216 (2d Cir. 2019) (an award of interest, like costs and attorneys' fees, lies within the discretion of the court); *Hard Candy*, 921 F.3d at 1355 ("[I]t is undisputed that a plaintiff seeking only injunctive relief, costs, and fees would not be entitled to a jury trial."); *Gidatex, S.r.L. v. Campaniello Imps., Ltd.*, 82 F. Supp. 2d 136, 149 (S.D.N.Y. 2000) ("[W]hether to award attorneys' fees is a matter for the court, not the jury."). Because these remedies are equitable, no constitutional jury right attaches.

### III. Defendants' counterclaims do not provide a separate federal right to a jury.

Defendants assert two counterclaims: declaratory judgment of trademark invalidity; and cancellation of Plaintiff's trademark registration under 15 U.S.C. § 1119. (ECF No. 98 ¶¶ 130-43.) Claims brought under the Declaratory Judgment Act do not carry a separate right to a jury: "A complaint for declaratory relief does not give rise to a right to a jury trial when the underlying issues in the action do not give rise to a right to a jury trial." *Empresa Cubana*, 123 F. Supp. 2d at 211; *see also Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 504 (1959) (stating that Declaratory Judgement Act does not affect underlying right to jury in action). And Defendants' counterclaim for trademark cancellation under the Lanham Act seeks equitable, not legal relief:

{F4904944.6 }                                     9

whether to cancel a mark under § 1119 lies within the Court's discretion. *Patsy's Italian Rest., Inc. v. Banas*, 658 F.3d 254, 264 (2d Cir. 2011). Thus, neither counterclaim provides a constitutional or statutory right to a jury.

### IV. Trial to the bench would preserve party resources and further judicial economy.

A bench trial would produce the usual practical benefits: the trial will be shorter and more efficient, community members need not sacrifice time or money to serve on a jury, and both parties will save in costs and attorneys' fees. The Court would not need to rule on each pending *Daubert* and *in limine* motion, nor review and approve jury instructions or verdict forms. Moreover, even if Plaintiff won this case before a jury, the Court would still need to separately assess whether and how much of Defendants' profits to award. *See* 15 U.S.C. § 1117(a) (profits are "assessed" and adjusted by the court "for such sum as the court shall find to be just"). A bench trial eliminates this inefficiency.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike Plaintiff's jury demand and try the remaining issues to the bench.

Dated: New York, New York
December 2, 2022

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: */s/* John Margiotta
John P. Margiotta (*jmargiotta@fzlz.com*)
Laura Popp-Rosenberg (*lpopp-rosenberg@fzlz.com*)
Daniel M. Nuzzaci (*dnuzzaci@fzlz.com*)
Brian Leary (*bleary@fzlz.com*)
151 West 42nd Street, 17th Floor
New York, New York 10036
Tel: (212) 813-5900

*Attorneys for Defendants*