```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                              :
SOLID 21, INC.,                                               :
                                        Plaintiff,            :
                                                              :      19 Civ. 1262 (LGS)
                -against-                                     :
                                                              :             ORDER
RICHEMONT NORTH AMERICA, INC., et al.,                        :
                                        Defendants.           :
                                                              :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the Order dated November 17, 2022, directed Plaintiff to secure new counsel by January 16, 2023;

WHEREAS, on January 16, 2023, Plaintiff sent an *ex parte* email to the Court concerning its ongoing efforts to retain counsel;

WHEREAS, Plaintiff contends that its prospective new counsel requires access to more of the case file in order to fully assess the case, including documents that Defendant produced on an "Attorney's Eyes Only" basis;

WHEREAS, on January 19, 2023, Defendants filed a letter seeking default judgment against Plaintiff on the ground that Plaintiff did not secure counsel by the Court-ordered deadline. It is hereby

**ORDERED** that, if Plaintiff wishes to maintain its *ex parte* letter dated January 16, 2023, under seal, Plaintiff shall email another *ex parte* letter to the Court by **January 24, 2023**, at schofield_nysdchambers@nysd.uscourts.gov, explaining why its prior letter should remain under seal. If no letter is filed, Plaintiff's prior letter will be docketed on ECF.

**ORDERED** that Defendants' application, which is construed as a request for dismissal pursuant to Federal Rule of Civil Procedure 41(b), is denied without prejudice to renewal at a later date.  It is further

**ORDERED** that, by **February 3, 2023**, the prospective new counsel referred to in Plaintiff's letter dated January 16, 2023, shall send the Court an *ex parte* email, to schofield_nysdchambers@nysd.uscourts.gov, stating that they are interested in potentially representing Plaintiff pending further assessment of the case, stating what additional documents they need in order to conduct that assessment and why, and stating whether they would agree to any and all restrictions contained in the protective order in this case barring disclosure of documents to third parties and even to Plaintiff.  Plaintiff's prospective new counsel's letter(s) will be docketed on ECF unless Plaintiff's prospective new counsel specifically requests that its letter remain filed under seal and provides sufficient grounds for filing under seal, either because its letter contains attorney-client privileged information or pursuant to the test articulated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  It is further

**ORDERED** that, by **February 10, 2023**, Defendants shall file on ECF a response stating whether they agree that the documents in question can be disclosed to Plaintiff or, on an Attorney's Eyes Only basis, to Plaintiff's prospective new counsel, and if not stating whether they would agree to disclosure under any additional conditions (such as production of the documents for viewing with no copying, duplication or note-taking permitted).  It is further

**ORDERED** that, by **February 10, 2023**, if Plaintiff's former counsel David Hecht asserts any basis other than an Attorney's Eyes Only designation for declining to provide to Plaintiff any documents that Plaintiff has requested, Mr. Hecht shall send the Court an *ex parte* email, to schofield_nysdchambers@nysd.uscourts.gov, stating which documents he will not disclose and

the basis for that non-disclosure.  Mr. Hecht's letter will be docketed on ECF unless he requests that his letter remain filed under seal and provides sufficient grounds for filing under seal, either because his letter contains attorney-client privileged information or pursuant to the test articulated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  It is further

**ORDERED** that, by **January 23, 2023**, Plaintiff shall send a copy of this Order on to its former counsel, David Hecht, and to any prospective new counsel that Plaintiff referred to in its letter dated January 16, 2023.  It is further

**ORDERED** that, if Plaintiff is unable to find prospective new counsel who will submit to the Court the request described above by **February 3, 2023**, Plaintiff shall email to the Court an *ex parte* status letter, to schofield_nysdchambers@nysd.uscourts.gov.  Plaintiff's letter will be docketed on ECF unless Plaintiff requests that its letter remain filed under seal and provides sufficient grounds for filing under seal, either because its letter contains attorney-client privileged information or pursuant to the test articulated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  If Plaintiff fails to retain replacement counsel in a timely fashion, the case may be dismissed for failure to prosecute.

A copy of this Order will be emailed to the unrepresented Plaintiff.

Dated: January 20, 2023
   New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE