```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SOLID 21, INC.,                                             :
                                    Plaintiff,              :
                                                            :         19 Civ. 1262 (LGS)
                 -against-                                  :
                                                            :         ORDER
RICHEMONT NORTH AMERICA, INC., et al.,                      :
                                    Defendants.             :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, pursuant to the Order dated January 20, 2023, Plaintiff's prospective new counsel from Ellis George Cipollone O'Brien Annaguey LLP ("EGC") filed a letter on February 2, 2023, stating that they are interested in representing Plaintiff if they can provide value, that they would abide by the Protective Order and that they require access to a several documents designated Attorney's Eyes Only under the Protective Order in order to evaluate their prospective representation of Plaintiff, including (1) a complete, unredacted copy of the report of Plaintiff's expert Dr. Vanderhart with exhibits, (2) all other documents Dr. Vanderhart identified and/or relied upon in connection with the report and (3) any other documents reflecting Defendants' sales of products that were described using the words RED GOLD;

WHEREAS, EGC stated that, based on their review of publicly available documents, they believed the parties and/or Dr. Vanderhart made a mistake in limiting the damages period and related discovery in this case, and suggested that, if retained, they may seek to reopen discovery;

WHEREAS, on February 10, 2023, Defendants filed a letter stating that they would consent to EGC's review, pursuant to the Protective Order, of an unredacted copy of the Vanderhart report and two of its exhibits, but would not consent to prospective counsel's review of the other documents requested, and that they vehemently disputed that the damages calculation reflected a "mistake" and that discovery should be re-opened at this stage;

WHEREAS, on February 11, 2023, Plaintiff's former counsel, Mr. Hecht, filed a letter stating that he had no objection to providing the requested Attorney's Eyes Only documents to Plaintiff's prospective new counsel, other than those based on the Protective Order.  It is hereby

**ORDERED** that, EGC's request is GRANTED in part and DENIED in part.  EGC may review the first two categories of documents requested: an unredacted copy of the Vanderhart report with exhibits, and all documents identified in or relied upon in connection with that report.  An amended Protective Order will be entered separately.  EGC may not review, at this time, the third category of documents requested: other documents reflecting Defendants' sales of products described with the words RED GOLD.  Defendants have represented that all such documents produced in discovery contain sales figures from only the years included in the Vanderhart report.  Therefore, those documents would not add to EGC's understanding of damages.  Producing those documents to EGC at this time would unduly burden Plaintiff's former counsel and delay EGC's decision whether to represent Plaintiff, which would delay all other trial preparation.  It is further

**ORDERED** that, by **February 22, 2023**, Mr. Hecht shall provide to EGC the documents EGC may review.  It is further

**ORDERED** that, by **March 8, 2023**, EGC shall file a letter -- by ECF or email, which will be docketed on ECF -- stating whether they will represent Plaintiff.  In considering the costs and potential benefits going forward, the parties are advised that any motion to reopen discovery is unlikely to be granted, and that a difference in strategy or approach by new counsel will not be considered a sufficiently compelling reason to reopen discovery after a summary judgment decision on what is now the eve of trial.  It is further

**ORDERED** that, by **February 15, 2023**, Defendants shall serve a copy of this Order by email on Plaintiff, EGC and Mr. Hecht by email and file proof of service on ECF.  It is further

**ORDERED** that the jury trial scheduled for March 6, 2023, is adjourned *sine die*.

Dated: February 15, 2023
       New York, New York

                                          _____
                                          LORNA G. SCHOFIELD
                                          UNITED STATES DISTRICT JUDGE