UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOLID 21, INC., <br><br>                                   Plaintiff, <br><br> -against- <br><br> RICHEMONT NORTH AMERICA, INC., RICHEMONT INTERNATIONAL S.A., and MONTBLANC-SIMPLO GMBH, <br><br>                                 Defendants. | 19-cv-1262 (AS) <br><br> ORDER |

ARUN SUBRAMANIAN, United States District Judge:

For the reasons stated on the record during the hearing held in this matter on August 30, 2023, the Court issues the following orders:

1. Defendants' motion to strike Plaintiff's jury trial demand (ECF No. 219) is <u>DENIED</u> without prejudice. The Court will empanel a jury but reserves the right, upon further application by Defendants that the case as presented at trial is "not triable of right by a jury," to treat the jury's verdict as advisory under Federal Rule of Civil Procedure 39(c). *See* Fed. R. Civ. P. 39(c) (permitting the court in an action "not triable of right by a jury" "on motion or on its own" to "try any issue with an advisory jury").

2. Defendants' motion *in limine* to exclude evidence of prejudgment interest (ECF No. 166) is <u>GRANTED</u>.

3. Defendants' motion *in limine* to exclude evidence of subsequent remedial measures (ECF No. 166) is <u>GRANTED</u> to the extent that such evidence would be used to prove Defendants' culpability or generally to rebut Defendants' fair use defense. At trial, the Court will consider whether the introduction of this evidence is warranted for purposes of

impeaching specific witnesses or for some other specific purpose authorized by Federal Rule of Evidence 407.

4. Defendants' motion *in limine* to exclude reference to any intracompany sales (ECF No. 166) is <u>GRANTED</u>.

5. Defendants' motion *in limine* to exclude revenues related to sales that are not "potentially infringing" (ECF No. 166) is <u>DENIED</u> without prejudice. Defendants may object to the admissibility of particular evidence that Plaintiff seeks to admit on grounds that it does not pertain to any sale that is potentially infringing as a matter of law based on the Court's prior rulings.

6. Defendants' motion *in limine* to exclude the testimony and expert report of Plaintiff's expert witness Duvall O'Steen (ECF No. 166) is <u>DENIED</u>. However, as stated on the record, Ms. O'Steen will not be permitted to offer testimony on the ultimate question of the likelihood of confusion and may address only those *Polaroid* factors that she analyzed specifically in her expert report. To the extent that the sole basis of her analysis as to a given factor is her experience in the industry, she must not simply testify that "based on her experience, the factor weighs one way or the other," but she must "explain how [her] experience is a sufficiently reliable basis upon which to justify the opinion" she is rendering. 4 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 23:2.75 (5th ed. 2002).

7. Defendants' motion *in limine* to exclude the testimony and expert report of Plaintiff's expert witness Eugene P. Ericksen (ECF No. 166) is <u>DENIED</u> as moot because Defendants withdrew this motion.

8. Plaintiff's motion *in limine* to exclude the expert testimony of Defendants' expert Daniel M. Cislo (ECF No. 180) is <u>DENIED</u> as moot because Defendants will not offer Mr. Cislo

as an expert witness at trial. This is based on Plaintiff's confirmation that it will follow the guidance provided by the Court on the record as to the permissible bounds of discussion at trial concerning (1) the registration by the U.S. Patent and Trademark office ("PTO") of the RED GOLD mark and (2) that the trademark is presently enforceable and incontestable. If such guidance is not adhered to, Defendants reserve the right to call Mr. Cislo and the Court will deem Plaintiff's *Daubert* motion as to Mr. Cislo as forfeited.

9. Plaintiff's motion *in limine* to preclude evidence concerning "dual genericness defenses" (ECF No. 182) is <u>DENIED</u>.

10. Plaintiff's motion *in limine* to exclude the expert testimony of Defendants' expert witness David Neal (ECF No. 184) is <u>DENIED</u> as moot because Plaintiff withdrew this motion.

11. Plaintiff's motion *in limine* to exclude the expert testimony of Defendants' expert witness Gary Smith (ECF No. 188) is <u>DENIED</u>.

The Clerk of Court is directed to terminate ECF Nos. 166, 180, 182, 184, 188, and 219.

SO ORDERED.

Dated: August 31, 2023
New York, New York

                                                ARUN SUBRAMANIAN
                                                United States District Judge