

John P. Margiotta
Partner

151 West 42nd Street, 17th Floor
New York, NY 10036

T 212.813.5957
jmargiotta@fzlz.com

December 2, 2022

**VIA ECF**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Solid 21, Inc. v. Richemont North America, Inc. et al.*, No. 1:19-cv-01262-LGS

Dear Judge Schofield,

This firm is counsel to Defendants Richemont North America, Inc., Richemont International S.A., and Montblanc-Simplo GmbH (collectively, "Defendants") in the above-captioned case. Pursuant to this Court's Order (ECF No. 217), today is the deadline for Defendants to submit their motion to strike Plaintiff Solid 21, Inc.'s jury demand.

On behalf of Defendants, we respectfully request permission to publicly file a redacted version of Defendants' Memorandum of Law in support of its motion and to file under seal Exhibit B to the Leary Declaration filed in support thereof. Consistent with Rule I(D)(3) of Your Honor's Individual Rules and Procedures for Civil Cases, unredacted versions of these documents will be filed under seal on ECF and electronically related to this letter motion.

Defendants seek to file Exhibit B under seal because it has been designated by Plaintiff as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order in this case and to file its Memorandum of Law in redacted form because it quotes from Exhibit B.

Respectfully submitted,

*/s/ John P. Margiotta*

John P. Margiotta

cc: All counsel of record (via ECF)

Honorable Lorna G. Schofield
December 2, 2022
Page 2

## Appendix

*Parties and current attorneys of record who should have access to the unredacted and sealed documents:*

John P. Margiotta, Counsel for Defendants
David Donahue, Counsel for Defendants
Laura E. Popp-Rosenberg, Counsel for Defendants
Daniel M. Nuzzaci, Counsel for Defendants
Brian Leary, Counsel for Defendants

Defendants' motion to seal is DENIED.

"Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution." *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020). "The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

The parties entered into a protective order that allows either party to designate as "Attorneys' Eyes Only" documents that the party "contends in good faith constitutes or contains a trade secret or other confidential information and the disclosure of which to competitors would result in competitive disadvantage to the Party." ECF No. 133 at 2. Despite Plaintiff's designation, Exhibit B does not contain any such information. Given the presumption of access, the Court finds no reason to allow Exhibit B to remain under seal.

The Clerk of Court is directed to terminate the motion at ECF No. 220.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: September 11, 2023

{F4914227.1 }