UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOLID 21, INC., <br><br> Plaintiff, <br><br> -against- <br><br> RICHEMONT NORTH AMERICA, INC., RICHEMONT INTERNATIONAL S.A., and MONTBLANC-SIMPLO GMBH, <br><br> Defendants. | 19-cv-1262 (AS) <br><br> OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

      Plaintiff Solid 21, Inc. moves to supplement its Federal Rule of Civil Procedure 26(a) disclosures and to supplement the report of its damages expert, Jennifer Vanderhart. *See* Dkt No. 280. For the following reasons, Plaintiff's motion is denied.

## BACKGROUND

      Plaintiff brought this action against Defendants Richemont North America, Inc., Richemont International S.A., and Montblanc-Simplo GmbH (collectively, "Defendants") in February 2019. Dkt No. 1. In May 2021, fact discovery closed and Plaintiff's damages expert, Dr. Vanderhart, submitted her expert report. Dkt Nos. 119, 224-5. Dr. Vanderhart was deposed on July 8, 2021. Dkt No. 224-6. Expert discovery closed later that month. Dkt No. 119. The parties filed summary judgment motions in September 2021 and the Court issued a decision in September 2022. Dkt No. 159. As relevant here, the Court granted summary judgment as to Defendants' intracompany sales, excluding from Plaintiff's damages model any sales made from Europe-based Defendants Richemont International S.A. and Montblanc-Simplo GmbH to their U.S. affiliate, Defendant Richemont North America. *Id.* at 21. This ruling reduced Plaintiff's damages calculation by approximately 90%. Plaintiff moved for reconsideration. Dkt No. 161. The Court denied Plaintiff's motion and set a trial date of January 2023. Dkt Nos. 164, 165. This date was adjourned to March 2023, at the request of Plaintiff. Dkt No. 162, 165.

      In November 2022, Plaintiff's then-counsel requested to withdraw. Dkt No. 211. He indicated that Plaintiff was aware of all existing deadlines, including the March 2023 trial date. Dkt No. 211-1. The Court ordered Plaintiff to find replacement counsel by January 16, 2023. Dkt No. 217. Plaintiff did not meet this deadline. In February 2023, when Plaintiff appeared to have prospective counsel, the Court advised "that any motion to reopen discovery is unlikely to be granted, and that a difference in strategy or approach by new counsel will not be considered a sufficiently compelling reason to reopen discovery after a summary judgment decision on what is now the eve of trial." Dkt No. 236 at 2. When Plaintiff remained unrepresented on April 18, 2023— after the previously scheduled trial date—the Court ordered Plaintiff to show cause why the action

should not be dismissed for failure to prosecute. Dkt No. 243. Plaintiff secured its current counsel later that month. Dkt No. 245. Given the substantial delay in finding replacement counsel, trial was rescheduled to October 2023. Dkt No. 250. This case was reassigned to me in August 2023.

On August 11, 2023, the Court held a hearing to resolve the parties' pending motions *in limine* and Defendants' motion to strike Plaintiff's jury demand. During the hearing, the Court made clear that Plaintiff could not present certain damages claims to the jury, including claims for corrective advertisement damages, because they had not been disclosed to Defendants during discovery either through Plaintiff's Rule 26(a) disclosures or through Dr. Vanderhart's report. *See* Dkt No. 284 at 14. The Court also stated that "[t]he discovery record in this case has been closed for years and the Court does not intend to reopen the discovery period or to permit a supplement or amendment at this juncture that would add to computations of damages that have previously been submitted in this case." *Id*. at 48:23–49:2.

On September 8, 2023—over four months after new counsel entered the case for Plaintiff, over two years after the close of discovery, and just one month before trial—Plaintiff moved for leave to supplement its Rule 26(a) disclosures and Dr. Vanderhart's report. Dkt No. 280. Plaintiff's motion attaches its proposed supplemental disclosures and supplemental expert report. Dr. Vanderhart's proposed supplemental report claims that she recalculated damages based on "the assumption that sales of products under the brands Montblanc, Baume & Mercier, and IWC would not be subject to the tolling agreement." Dkt No. 279-1 ¶ 2. Plaintiff's proposed supplemental disclosures add a reference both to the supplemental report by Dr. Vanderhart and state that "Plaintiff is seeking corrective advertising damages, which do not require calculation by an expert." Dkt No. 280-1.

The motion also attaches an affidavit by Plaintiff's President, Christopher Aire. According to Mr. Aire, he was first permitted to see an unredacted copy of Dr. Vanderhart's initial report on October 5, 2022, because before then it was designated Attorneys' Eyes Only. Dkt No. 280-3 ¶ 16. Mr. Aire claims that, after he saw that report, he discovered that Plaintiff's prior counsel "unilaterally" made decisions limiting Dr. Vanderhart's damages calculation. *Id*. ¶ 17. According to Mr. Aire, this realization led Plaintiff to "severe[] its professional ties with [prior counsel] and initiate[] a search for counsel more aligned with Solid 21's initial scope and vision of the Action." *Id*. ¶ 28. Plaintiff subsequently wrote to the Court stating that prior counsel considers Mr. Aire's affidavit inaccurate and believes Plaintiff's current counsel is "suborning perjury." Dkt No. 286. Plaintiff's current counsel indicated that it is "not in a position to advise the Court as to what actually occurred" between Mr. Aire and prior counsel. *Id*.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 26, a party must provide "a computation of each category of damages claimed by the disclosing party" and expert witnesses must submit a written report that includes, among other things, "a complete statement of all opinions the witness will

express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(1)(A)(iii), (a)(2)(B)(i). Rule 26(e) provides that a "party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure . . . if the party learns that in some material respect the disclosure . . . is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).

Rule 37(c)(1) provides sanctions for failure to comply with these provisions, stating that a party that fails to disclose or amend is not allowed "to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In determining whether preclusion is appropriate, courts must consider: (1) the reasons for the delay in providing the evidence; (2) the importance of the evidence precluded; (3) the prejudice to the opposing party from having to address the new evidence; and (4) the possibility of a continuance." *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*, 769 F. Supp. 2d 269, 278 (S.D.N.Y. 2011) (citing *Softel, Inc. v. Dragon Medical and Scientific Communications, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)).

## DISCUSSION

Even assuming that the additional damages information is important, all other factors weigh heavily against allowing Plaintiff to supplement its disclosures or expert report at this stage. Plaintiff's motion is therefore denied.

At the outset, the prejudice of allowing Plaintiff to supplement at this late stage would be overwhelming. Plaintiff's motion to supplement comes over four years after Plaintiff initiated this action, two years after the close of discovery, one year after summary judgment motions were decided, and one month before an already significantly delayed trial date. Permitting Plaintiff to supplement its disclosures would require (1) reopening expert discovery, (2) allowing Defendants to re-depose Dr. Vanderhart, (3) permitting Defendants to offer a rebuttal damages expert report, and (4) allowing the parties to file any supplemental motions for summary judgment. Plaintiff has not identified any case in which a court has allowed a party to serve supplemental disclosures or a supplemental expert report under similar circumstances and the Court is not aware of any. *See Five Star Dev. Resort Cmtys., LLC v. iStar RC Paradise Valley,* LLC, No. 9-CV-2085, 2012 WL 13069913, at *4 (S.D.N.Y. Dec. 10, 2012) (striking untimely damages evidence because "[t]he introduction of a new theory, years into the litigation, is not fair and would prejudice the defendant")

In addition, Plaintiff's reason for the delay does not favor permitting Plaintiff's broad supplementation of the record. Mr. Aire claims that prior counsel made unauthorized decisions to limit Dr. Vanderhart's damages calculation. At this juncture, the Court cannot determine the veracity of Mr. Aire's accusations. Prior counsel vigorously disputes Mr. Aire's affidavit (both now and in his 2022 *ex parte* letter to the Court explaining his decision to withdraw) and Plaintiff's current counsel takes no position on what occurred between Mr. Aire and prior counsel. *See* Dkt No. 286. Even assuming Mr. Aire's characterization of the events is accurate, his explanation does not explain why these supplemental disclosures did not come sooner: Mr. Aire was permitted to see Dr. Vanderhart's report nearly a year ago and has had substitute counsel for over four months.

Finally, while a continuance is possible in every case, it is not appropriate here. The trial date (which was already twice rescheduled at Plaintiff's request) is fast approaching. In addition, as the Second Circuit has acknowledged, "the burden on the trial court of granting a continuance is greater" in cases like this one that "require extensive expert involvement over lengthy periods of time." *Softel, Inc.*, 118 F.3d at 962; *see also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir. 2006) (affirming district court's preclusion of a witness from testifying about damages when the witness had not been timely disclosed and "weighing heavily on both the prejudice and possibility of continuance factors was the fact that discovery had been closed for approximately one and a half years, and at the time of the offer of expert testimony there was only a short time left before trial" (internal quotation marks omitted)).

In addition, the Court is concerned that Plaintiff's late-stage disclosures are a veiled attempt to undo certain rulings made by the Court. As discussed, the Court's summary judgment ruling reduced Plaintiff's damages model by approximately 90% based on certain tolling agreements. In addition, during the August 11, 2023, hearing, the Court noted that Plaintiff had never disclosed corrective advertisement as a potential damages claim and made clear that Plaintiff could not present damages claims to the jury if they had not been disclosed to Defendants during discovery. *See* Dkt No. 284 at 14:6–21, *see also Roberts v. Ground Handling, Inc.*, No. 4-CV-4955, 2007 WL 2753862, at *4 (S.D.N.Y. Sept. 20, 2007) (noting that plaintiff's failure "to disclose [certain] damages in her Rule 26(a)(1)(C) initial disclosures . . . is alone sufficient to preclude her from submitting evidence of it at trial"). Plaintiff's disclosures now seek to improperly resurrect these excluded damages by reshaping Dr. Vanderhart's expert analysis around this Court's summary judgment ruling and disclosing corrective advertisement damages for the first time (and still, even at this late stage, with no calculation of those untimely-disclosed damages).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to supplement is DENIED. The Clerk of Court is directed to terminate ECF No. 280.

SO ORDERED.

Dated: September 18, 2023
       New York, New York

                                      ARUN SUBRAMANIAN
                                      United States District Judge